AMERICAN LUMBERMENS MUTUAL CASUALTY COMPANY, Plaintiff, v. LUMBER MUTUAL CASUALTY INSURANCE COMPANY, Defendant.

First Department, May 7, 1937.

*James F. Donnelly* of counsel [*Walter J. McNichols* with him on the brief; *Olvany, Eisner & Donnelly*, attorneys], for the plaintiff.

*Bruce Bromley* of counsel [*George S. Collins* with him on the brief; *Cravath, de Gersdorff, Swaine & Wood*, attorneys], for the defendant.

COHN, J. The parties are casualty insurance companies. The dispute concerns the method of apportioning liability between them for a casualty loss of $47,500.

On February 11, 1934, an accident occurred in the city of New York resulting in bodily injuries or death to three persons, in consequence of which a corporation, known as Yellow Products Corporation, was sued in the Supreme Court, New York county, for damages, it being alleged that the accident had been caused by its negligence. Both plaintiff and defendant here had issued their separate policies of insurance, insuring Yellow Products Corporation against loss by reason of any liability imposed upon it in said actions.

The plaintiff's policy limited its total liability thereunder to the sum of $250,000, and contained the following provision: " If the Assured carries a policy of another insurer against any loss covered by this Policy, the Assured shall not be entitled to recover from the Company a larger proportion of the entire loss than the amount hereby insured bears to the total amount of insurance applicable thereto."

The defendant's policy limited its total liability to the sum of $50,000, and contained a similar provision, as follows: " If the Assured carries any other insurance against any loss covered by this policy, the Assured shall not recover under this policy a larger proportion of the entire loss than the amount hereby insured bears to the total amount of valid and collectible insurance."

On December 20, 1935, the parties agreed that if the actions against Yellow Products Corporation were settled upon payment of a total of $47,500, plaintiff and defendant would contribute to such settlement payment in proportion of their respective liability to the assured under the above-mentioned policies.

Pursuant to the agreement, the actions against Yellow Products Corporation were settled by payment of $47,500 on January 7, 1936, but the parties have been unable to agree as to the proper apportionment between them of the amount of the payment. Plaintiff contends that under the agreement between it and defendant, defendant obligated itself to contribute one-half of said sum of $47,500, while defendant insists that it is liable only for one-sixth of said sum.

The question submitted to this court is whether by virtue of the quoted clauses in the respective policies relating to other insurance, defendant is obligated to contribute one-half of the settlement payment. The stipulation provides that if the question is answered in the affirmative, the judgment is to be rendered in favor of plaintiff against defendant for $15,833.33, without interest or costs; and if the question is answered in the negative, then judgment is to be rendered in favor of defendant and against plaintiff.

The " other insurance " clauses contained in the policies of insurance issued by plaintiff and defendant respectively must determine the liability of the parties. The " other insurance " clause of defendant's policy states that where the assured carries other insurance against any loss covered by the policy, the assured shall not recover a greater proportion of the entire loss ($47,500) than the amount insured ($50,000) bears to the total amount of valid and collectible insurance ($50,000 plus $250,000, making a total of $300,000), that is, the assured may not recover more than the proportion represented by a fraction, the numerator of which is 50,000 and the denominator 300,000, or one-sixth of the loss. That represents the share which the defendant is obligated to pay under the terms of its policy.

' The language of the " other insurance " clause in plaintiff's policy is substantially identical with that employed in defendant's policy. The same method of apportionment of liability in the event of loss is accordingly prescribed for both plaintiff and defendant.

Our courts have consistently construed this " other insurance " or " *pro rata* " clause in fire policies to mean that the insurer shall not be liable for any greater proportion of any loss which might occur than the amount in the policy shall bear to the entire amount of insurance on the property. (*Farmers' Feed Co.* v. *Scottish Union Ins. Co.,* 173 N. Y. 241; *Pinsky* v. *Minneapolis Fire & Marine Insurance Co.,* 225 App. Div. 326; Richards on Insurance [4th ed.], p. 455, § 272; 4 Joyce, Law of Insurance [2d ed.], § 2492.) Plaintiff concedes that the law as to this construction of " *pro rata* " clauses in fire policies is settled, but he contends that such clauses contained in policies of casualty insurance should not be so interpreted. Plaintiff calls attention to certain distinctions between policies of fire and casualty insurance. The former, he asserts, cover loss by fire to property capable of identification and having a definitely ascertainable value, whereas the latter are designed to cover risks from an infinite variety of causes in an amount impossible to estimate in advance; that the limit of liability of the insurer under a fire insurance contract is definite, whereas under a casualty policy in the event of more than one loss within the insurance period, the liabilities incurred may be considerably in excess of the maximum amount of the policy for any one loss; that the premium charge in each type of policy is computed on an essentially different basis; that the purpose of including " *pro rata* " clauses in fire contracts is to provide against the moral hazard of an assured obtaining double insurance and recovering more than the extent of his actual loss, and that no such hazard exists in a policy of casualty insurance. In all that plaintiff urges we perceive no reason why the language in a " *pro rata* " or " other insurance " clause in a contract of casualty insurance should not be interpreted according to its plain, customary and usual meaning, and in just the same way as such language has been construed in contracts of fire insurance or other kinds of insurance. (*Balzer* v. *Globe Indemnity Co.,* 211 App. Div. 98, 100.) The desirability of including a " *pro rata* " clause in a contract of casualty insurance is not before us. Here it has been included in each policy by the will of the contracting parties, and its language in each case must be given full force and effect.

Plaintiff argues, too, that the phrase in defendant's policy reading " total amount of valid and collectible insurance " means, not the total amount of insurance, but the amount collectible in respect of a specific loss; that the " collectible insurance " under each of the two policies here is $47,500, the amount of the loss, and, therefore, the total collectible insurance is $95,000, and that, as the parties here have contributed equally to the insurance applicable to such

loss, their liability should be equally divided. We find no substance to plaintiff's contention. We interpret the words, "total amount of valid and collectible insurance," to mean insurance which is capable of protecting the insured. It merely excludes invalid or illegal insurance (such as insurance which is voidable for misrepresentation) and uncollectible insurance (such as insurance of an insolvent company) from the computation of total insurance for the purposes of apportionment. These words were so construed by this court in *Balzer* v. *Globe Indemnity Co.* (*supra*), and in *Lamb* v. *Belt Casualty Co.* (3 Cal. App. [2d] 624; 40 P. [2d] 311) the same interpretation was adopted by the California court.

Courts in other jurisdictions have interpreted the "other insurance" clause in a policy of casualty insurance and have consistently held, as defendant contends, that the same method of apportionment of liability as used in fire or other insurance is to be applied. (*Lamb* v. *Belt Casualty Co., supra; Massachusetts Bonding & Ins. Co.* v. *Santee*, 62 F. [2d] 724 [C. C. A. 9th Circ. 1933]; *Wall* v. *Commonwealth Casualty Co. of Philadelphia*, 225 Mo. App. 657; 39 S. W. [2d] 441; *International Travelers' Assn.* v. *Gunther*, 280 S. W. 172 [Tex. 1926].)

We are of the opinion that the "other insurance" clause in defendant's policy here can only be construed so as to impose upon defendant a liability for no more than its proportionate share of the loss, namely, one-sixth of the sum of $47,500, and that the "other insurance" clause in plaintiff's own policy, obligates it to bear five-sixths of the total loss.

The question submitted must accordingly be answered in the negative, and judgment should be rendered in favor of the defendant and against plaintiff, but without costs.

MARTIN, P. J., O'MALLEY, UNTERMYER and DORE, JJ., concur.

Judgment unanimously directed in favor of the defendant and against the plaintiff, without costs. Settle order on notice.