268 S.W.2d 90 (1954)
ALSUP
v.
TRAVELERS INS. CO.
Supreme Court of Tennessee.
March 3, 1954.
On Petition to Rehear May 21, 1954.
*91 Z. Alexander Looby and Avon N. Williams, Jr., Nashville, for appellant.
James I. Vance Berry and Hume, Howard, Davis & Boult, Nashville, for appellee.
BURNETT, Justice.
This suit was filed seeking a recovery of a judgment of the face amount of a policy based on a group policy of life insurance issued by the insurance company to the employees of the Carnation Company. To this suit the appellee filed a special plea in bar, by which it was alleged that the appellant was barred from recovery because his cause of action, if any, accrued more than six years prior to the filing of the bill. Code Section 8600.
The parties entered into a stipulation wherein it was stipulated that the appellant had been employed by the Carnation Company and that his employment with this company terminated on November 4, 1944, and that as to this appellant the insurance involved in this proceeding was cancelled by the insurance company on November 30, 1944. Insofar as the question of the time of institution of suit is concerned the suit instituted on September 25, 1951 in the Davidson County Chancery Court is determinative. That suit went off on a plea in abatement and as a result thereof the present suit was instituted on April 11, 1952. The Chancellor sustained the plea and dismissed the suit. The appellant has seasonably perfected his appeal, assigned errors and argued the matter here. We now have the case for determination.
It is contended here that the policy payable in installments and that as to all installments due within the six year period prior to institution of suit are not barred by the statute but those prior thereto are barred by the Statute of Limitations. The insurance company takes the position that this policy is not severable but that it is payable as a whole subject to be paid in various installments at the option of Carnation Company after the employee filed due proof of his disability thereunder.
The master policy contained a provision as to permanent and total disability in words as follows:
"If any Employee shall furnish the Company with due proof that while insured under this policy and before having attained the age of sixty, he has become wholly disabled by bodily injuries or disease, and will be permanently, continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit, the Company will waive further payment of premium as to such Employee and pay in full settlement of all obligations to him under this policy the amount of insurance in force hereunder upon his life at the time of the receipt of due proofs of such disability, in a fixed number of installments chosen by the Employer from a table in the paragraph entitled `Modes of Settlement', the first installment to be paid immediately upon receipt of due proofs of such disability."
The trial court found, as it must have found, that total disability if any to the appellant must have accrued prior to November 30, 1944, or the time that the policy was cancelled after the employee left the employment of Carnation Company. The provision contained in the policy requiring the employee to furnish the company with "due proof" of disability is a condition precedent to the right of action by the employee and unless such due proof of disability is made of course the action does not accrue. The preliminary antecedent step of giving "due proof" of notice of disability to the insurance company falls upon the employee. The law will not permit an employee to defeat the running of *92 the statute by neglecting to give this notice of disability which devolves upon the employee in order to perfect his remedy. In 29 Am. Jur., page 824, Sec. 1100, the author says:
"The purpose of a provision for notice and proofs of loss is to allow the insurer to form an intelligent estimate of its rights and liabilities, to afford it an opportunity for investigation, and to prevent fraud and imposition upon it."
In other words if an injured or disabled employee were allowed to wait and fail to give due proof of his disability to the insurance carrier at any time that he saw fit it is clear that he might withhold giving the insurance company this notice during his life and then years later might give said notice and that he would be entitled to recover. It is entirely unreasonable if such delay is prolonged too long because then any legitimate objection sought by the insurance company to this disability in its contract which it has made with the employee would be worthless.
The reasonableness and validity of such notice requirements are not only recognized and sustained by the Courts but furnish a proper administrative protection against imposition and fraud, which would be of little practical value if the notice and demand could be so long deferred as to prevent a time limit effective investigation of the claim. Such a construction as contended for by the appellant herein would be in direct disregard of the express agreements of the parties as plain as the apt selection of words can make it, that is, that upon this disability happening to the employee he shall give "due proof" of the disability as provided in the section of the policy above quoted.
In Insurance Law & Practice, Appleman, Vol. 3, Sec. 1522, page 118, it is said:
"The requirement of a policy that `due proof' be made requires that proof within a reasonable time, and in the event of insured's failure to comply with such condition, no recovery can be had."
Some States have held to the contrary but we feel that this is a reasonable requirement. The Court of Appeals of this State, the Middle Section, has determined the matter in the case of Metropolitan Life Ins. Co. v. Walton, 19 Tenn. App. 59, 63, 83 S.W.2d 274, 278. This Court denied certiorari in that case. From a reading of the case it is found that there were various points involved in the lawsuit but the one here was likewise directly ruled on. The Court of Appeals said:
"Under the undisputed proof the insured became disabled in the fall of 1928, and he died on February 25, 1931, and notice was given the company on June 8, 1932, which was almost four years after he was permanently disabled, and more than three months after he died. The policy does not require that notice be given, but it does require due proofs of total and permanent disability or death, and this must be furnished within a reasonable time. What is a reasonable time is ordinarily a question for the jury. 7 Cooley's Briefs on Insurance, 5915, 5916; Metropolitan Casualty Insurance Co. v. Johnston, 3 Cir., 247 F. 65, 7 A.L.R. 175. But there must come a point where the matter becomes one for the decision of the court, where a delay, by reason of its duration and lack of attendant excusing circumstances, is clearly unreasonable, it is the duty of the court so to declare. 7 Cooley's brief on Insurance, (2d Ed.) 5916; 14 R.C.L., 1329."
So it is seen that the Court of Appeals of this State, as a matter of law, held that where "due proofs" were not given within four years then that the right of action was barred. In the instant case no proofs of disability were offered at all. The first thing that we know there was any claim made against this insurer was upon the filing of the suit in Davidson County in 1951 which was nearly seven years after the policy had been cancelled and after any *93 disability to the appellant from which he might claim benefits under this policy.
For the reasons stated herein we must affirm the decision of the Chancellor.

On Petition to Rehear
The appellant has filed a dignified and courteous petition to rehear in this cause which must be granted.
In our original opinion we affirmed the lower court because no proofs of disability had been furnished within a reasonable time. It is now brought to our attention that the bill filed in this cause averred the following fact:
"Proof of complainant's disability was furnished defendant and under the terms of said certificate of policy * * *."
As said in the original opinion a plea in bar was filed by the Insurance Company to the bill. The filing of this affirmative plea of the statute of limitations admitted the facts alleged in the bill, to wit, that "proof of complainant's disability was furnished defendant". Gibson's Suits in Chancery, Sec. 321, page 281, and Sec. 342, page 303, wherein it is said:
"An affirmative plea does not deny any matter contained in the bill; indeed, for all purposes of the plea, it admits all of the matters of fact charged in the bill. An affirmative plea, therefore, in effect, admits the bill, but seeks to displace its equity, by bringing forward a single additional matter of fact."
Thus it is seen from what is last above said that the Insurance Company admitted that they did have proofs of disability. The policy contains no period within which such proofs shall be made and therefore under the averments of the bill it must be presumed that they were made in due time.
The policy among other things provides that when the Company has received due proofs of such disability it will pay "in a fixed number of installments chosen by the employer from a table in the paragraph entitled `Modes of Settlement', the first installment to be paid immediately upon the receipt of due proofs of such disability." Under the "Modes of Settlement" provision of the policy it is provided that the installments on each $1,000 dollars of insurance shall be paid in varying amounts depending upon which method is taken, that is from one to twenty years. Of course it is not known herein what method would have been elected by the employer because as far as we know the employer was never asked to fix any method. In view of this apparent ambiguity and the fact that these payments might run as much as twenty years with installments of from $85 to $5.78 per month, we think that the matter should be returned to the lower court where answer and proof might be taken on these questions.
It is a cardinal principle of insurance law in this State, requiring no citation of authority, that a policy or a contract of insurance is to be considered liberally in favor of the insured, and strictly as against the company. Stated more fully, the rule is, that where by reason of ambiguity in the language employed in a contract of insurance, there is doubt or uncertainty as to its meaning, and it is fairly susceptible of two interpretations, one favorable to the insured and the other favorable to the company, the former will be adopted. In support of this statement see many authorities cited in Michie's Tennessee Digest, Insurance, Sec. 44.
Herein the Insurance Company argues that this contract is not severable and that upon the disability (November, 1944) the cause of action accrued; that therefore the six year statute, Code 8600, is applicable because the beginning of the suit was beyond the six year period. The insurance contract does not say the whole shall be payable when disability occurs. The provision of the contract with deference to permanent and total disability benefits (quoted in our original opinion) provides that these payments shall be made in installments, method of which shall be chosen *94 by the employer. There is no time limit in the policy that says when or how the employer shall select when or what these installments shall be. It would thus seem that the contract is ambiguous. Under such a situation the statute of limitations only applies to such installments, whatever they are, that would have been due more than six years prior to the institution of the suit herein.
Group insurance is now quite generally written and ordinarily it takes the form of insurance whereby the employees' lives are insured by the employer in consideration of a flat premium based upon an average age and generally paid by the employer, or partially by both the employer and the employee, as long as the employee remains in the employment and the premiums are paid. Such contracts are generally construed as creating a contract of insurance between the employer and the employee but for the benefit of the insured employees. Carpenter v. Chicago & E. I. R. Co., 21 Ind. App. 88, 51 N.E. 493; Gallagher v. Simmons Hardware Co., 214 Mo. App. 111, 258 S.W. 16.
Such contracts are entire, but as said in Atkinson v. Railroad Employees Mut. Relief Society, 160 Tenn. 158, 167, 22 S.W.2d 631, 634: "While the benefit certificate issued to complainant constitutes an entire contract, the obligation thereby cast upon the society is severable, with a right of action accruing to the holder for each benefit installment payable and in default." The above statement by this Court is in conformity with the actions on such contracts generally over the country. See 1 C.J.S., Actions, § 103, page 1318, and 50 C.J.S., Judgments, § 671, where it is said:
"Where money is payable in installments, a distinct cause of action arises on the falling due of each installment, and they may be recovered in successive actions, no judgment in the series of actions operating as a bar to the recovery of any installment not due at its rendition."
In Everhart v. State Life Insurance Co., 154 F.2d 347, the Circuit Court of Appeals for the Sixth Circuit, speaking through Martin, Circuit Judge, held that installments on an endowment policy wherein suit was not brought until some seventeen years after the insurance company quit paying were, under the Ohio limitation statute, not barred and that suits might be brought on those not barred on each separate installment. That is, that the suit would only bar those installments which fell due more than fifteen years before the commencement of the action.
Thus it would seem that under the pleadings in this case those installments due within the limitation period of our statute of six years, Code Section 8600, are not barred and those becoming due as of the date of disability November, 1944, up until the statute started to run would be barred. It results that the judgment of the Chancellor must be reversed and the cause remanded for answer or such other action as is deemed advisable, in conformity with this opinion. The costs of appeal are taxed against the insurance company. The costs below will await the outcome there.