69 N.J. Super. 184 (1961)
174 A.2d 4
ALDA T. JOHNSON, PLAINTIFF-RESPONDENT,
v.
NEW JERSEY MANUFACTURERS INDEMNITY INSURANCE COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 8, 1961.
Decided September 29, 1961.
*186 Before Judges GOLDMANN, FOLEY and LEWIS.
Mr. Richard J.S. Barlow, Jr., argued the cause for appellant (Messrs. Lenox, Giordano & Lenox, attorneys).
Mr. Sol Phillips Perlman argued the cause for respondent (Messrs. Perlman & Lerner, attorneys).
The opinion of the court was delivered by FOLEY, J.A.D.
This is an appeal from a judgment entered by the Mercer County District Court on November 17, 1960 granting plaintiff's motion for a summary judgment. Plaintiff alleged in her complaint that on May 4, 1958 her infant daughter Carol sustained bodily injury while riding as a passenger in the automobile of one John Pouria. Consequently, plaintiff incurred medical expenses on behalf of her daughter in the amount of $966.75 during the first year from the date of the accident. The Pouria automobile was insured by a company other than defendant. The policy covering the Pouria automobile provided for medical payments coverage with a limit of liability for each person in the sum of $2,000. There was also in force a family automobile policy issued by defendant company to the plaintiff covering her automobile, which provided for medical payments, with a limit of $500 per person. Plaintiff claimed that under the provisions of the policy issued by defendant she was entitled to $193.35, or one-fifth of the medical expenses incurred during the first year following the accident. Defendant entered an appearance but did not file an answer. Cross-motions for summary judgment were then made, plaintiff's motion being supported by an affidavit which verified the allegations of the complaint. Defendant's motion was denied; that of plaintiff granted.
*187 The crucial issue for determination is whether defendant's insurance policy was excess insurance as defendant contends, hence, not available to plaintiff unless the policy on the Pouria automobile was insufficient to defray her losses; or whether, as plaintiff urges and the trial court held, defendant's policy was concurrent insurance, and thus defendant was liable for its pro rata share of plaintiff's losses based on the proportion which its policy limits bore to the total coverage extended by both policies.
We are informed by counsel that their research has failed to disclose apposite judicial precedent in this relatively new field of insurance coverage, and we have found none.
The liability of the insurer for medical payments depends, of course, upon the construction of the particular language of the policy. See Annotation, 42 A.L.R.2d 983. The medical payments coverage provided by defendant's policy is expressed as follows:

"PART II  EXPENSES FOR MEDICAL SERVICES

COVERAGE C  MEDICAL PAYMENTS
To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, x-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:
Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called `bodily injury,' caused by accident, while occupying or through being struck by an automobile.
Division 2. To or for any other person who sustains bodily injury, caused by accident, while occupying
(a) the owned automobile, while being used by the named insured, by any resident of the same household or by any other person with the permission of the named insured; or
(b) a non-owned automobile, if the bodily injury results from (1) its operation or occupancy by the named insured or its operation on his behalf by his private chauffeur or domestic servant or (2) its operation or occupancy by a relative, provided it is a private passenger automobile or trailer."
Certain definitions contained in Part I of the insurance policy have bearing on the question presented. They follow:
*188 "`relative' means a relative of the named insured who is a resident of the same household;
`owned automobile' means a private passenger, farm or utility automobile or trailer owned by the named insured, and includes a temporary substitute automobile;
`temporary substitute automobile' means any automobile or trailer, not owned by the named insured, while temporarily used as a substitute for the owned automobile or trailer when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;
`non-owned automobile' means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile; * * *."
It is evident that the design of Part II was to grant broader, and thus more favorable coverage to the assured or his relative under Division 1, than to "any other person" under Division 2. Division 1 is extremely broad. There the company binds itself to the payment of expenses incurred by the assured or a relative as the result of injuries sustained while occupying or when struck by an automobile. In this section no distinction is made between the occupancy of the assured's automobile by the assured or a relative, and such occupancy of a non-owned automobile. In either case the right to benefits by the assured, or the relative, is unqualified. Plainly, then, an automobile for the purposes of Division 1 means any automobile.
On the other hand, in Division 2 the policy distinguishes between the coverage extended to any person other than the assured or a relative while occupying the assured's automobile, and that extended when such other person is an occupant of a non-owned automobile, in each case limiting the company's responsibility to pay, to certain stated circumstances.
Thus analyzed, it is apparent that the benefits deriving from Division 1 and those provided by Division 2 deal with two different classes of persons and are mutually exclusive.
The precise point in dispute is the effect of this distinction upon the company's obligation to answer pro rata for *189 expenses sustained by the assured or a relative who is injured while occupying a non-owned automobile, in light of the policy provisions respecting other insurance. These are:

"Other Insurance.
If there is other automobile medical payments insurance against a loss covered by Part II of this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible automobile medical payments insurance; provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible automobile medical payments insurance."
It will be observed that the first clause provides generally for pro rata contribution by the company. Had no more been said it would be clear that it was intended that such, and no less, was to be its obligation under either Division 1 or Division 2. However, the proviso which follows reduced its obligation in the case of the non-owned vehicle from concurrent insurance to excess insurance.
Defendant argues that the clear import of this clause is that the proviso relates to the coverages provided by both Divisions 1 and 2.
Plaintiff replies that the distinction in breadth of coverages extended to the two classes of persons in Division 1 and Division 2, is carried over into the "other insurance" provisions, and indeed is highlighted by the same, and argues that the proviso in the "other insurance" clause dealing with non-owned vehicles relates only to Division 2, since it alone treats specifically with non-owned vehicles.
The trial court so held, and we think correctly.
The company in drafting its policy was free to provide categorically that its coverage in all events was excess insurance. By the same token it lay with the company to accept pro rata liability without qualification. It chose a middle course by distinguishing its liability in the case of *190 a non-owned vehicle from that in which an "owned" automobile is involved. Well may it be said that it did so in furtherance of its intention to extend to the assured and his relatives a more favorable, and hence more attractive, contract than to the unknown "any other person." So viewed, it is reasonably inferable that the company deliberately limited its liability to excess insurance for losses sustained by "any other person" occupying a "non-owned vehicle" and that this limitation applies only to a loss arising under Division 2.
In any event, the policy is at least ambiguous in the respects at issue. It is fundamental that in the case of ambiguity an insurance policy is to be liberally construed in favor of the policyholder or beneficiary thereof, and strictly construed against the insurer, in order to afford the protection which the assured sought to obtain. Where the meaning of words is at all doubtful or uncertain, or if for any reason any ambiguity appears either in the policy as a whole, or in any portion thereof, the insured is to have the benefit of a favorable construction in each instance. And where, from the language of the policy, it is possible to adopt either of two reasonably consistent interpretations, the court will adopt that construction which permits recovery rather than one which would deny coverage. Maryland Cas. Co. v. New Jersey Manufacturers Ins. Co., 48 N.J. Super. 314, 322 (App. Div. 1958), affirmed 28 N.J. 17 (1958).
Medical payment clauses are generally held to constitute, in effect, separate accident insurance coverage. Morton v. Travelers Indemnity Co., 121 Cal. App.2d Supp. 855, 263 P.2d 337 (App. Dep't. 1953); Severson v. Milwaukee Auto Ins. Co., 265 Wis. 488, 61 N.W.2d 872, 42 A.L.R.2d 976 (Sup. Ct. 1953); Sims v. National Cas. Co., 43 So.2d 26 (La. Ct. App. 1949). See also 8 Appleman, Insurance Law and Practice, § 4896, p. 312 (1942). The only expression by our courts on this subject is found in Labracio v. Northern Ins. Co., 66 N.J. Super. 216, 220 (Law Div. 1961), in which the court said that "this type *191 of coverage is closely akin to the coverage provided by personal accident insurance policies."
We are in accord with the general rule as stated, and hold that the medical coverage provisions of defendant's policy (for which defendant accepted a premium) gave rise to a cause of action separate and apart from any other accruing to the plaintiff by reason of the accident in which her daughter was involved. Thus, the defendant was by the terms of its contract obliged to respond to plaintiff for its pro rata share of plaintiff's losses, and this obligation was not diminished by the circumstance that the plaintiff may have been "unjustly enriched," as defendant contends, by overpayment by the other company of the full amount of plaintiff's losses rather than its pro rata share of same.
Affirmed.