167 So.2d 586 (1964)
Sadie FRIEDFELD and Harry Friedfeld and Alexander C. Moskovits, Appellants,
v.
ROYAL INDEMNITY COMPANY and Eagle Star Insurance Company, Ltd., Appellees.
No. 64-7.
District Court of Appeal of Florida. Third District.
July 7, 1964.
Rehearing Denied October 15, 1964.
*587 Green & Hastings and Samuel Z. Goldman, Miami, for Friedfeld.
Simon, Hays & Grundwerg, Miami, for Moskovits.
Wicker, Smith, Blomqvist, Hinckley & Davant, Miami, for Royal Indemnity.
Fowler, White, Gillen, Humkey & Trenam and Henry Burnett, Miami, for Eagle Star.
Before BARKDULL, C.J., and CARROLL and HENDRY, JJ.
CARROLL, Judge.
This is an appeal from a declaratory decree in a suit by an indemnity insurer to determine the extent of its coverage on a comprehensive personal liability policy.
The plaintiff Royal Indemnity Company (hereinafter referred to as Royal), issued a $25,000 personal liability policy to Alexander C. Moskovits, who scheduled thereunder his residence in New York and also his home in Dade County, Florida. Thereafter, with reference to the home in Florida, Moskovits obtained a personal liability policy in the amount of $100,000, from Eagle Star Insurance Company, Ltd. (hereinafter referred to as Eagle). The policies contained similar "other insurance" clauses. The wording of that clause in the Royal policy was as follows:
"If the insured has other insurance against a loss covered by this coverage, this company shall not be liable under this coverage for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss."
Thereafter a loss was sustained within the terms of the policies. The insured gave Royal the required notice of claim but failed to give notice to Eagle within the time specified. The claimant was one Sadie Friedfeld, who with her husband Harry Friedfeld filed a personal injury suit against Moskovits. Eagle disclaimed liability, and Royal undertook defense of the action.
Royal filed suit for declaratory decree joining as defendants Eagle, Moskovits and the Friedfelds. Alleging the foregoing facts Royal sought a declaration that the obligation under its contract was to indemnify the insured for only 20% of the loss. The chancellor so held, and this appeal was taken by Moskovits and the Friedfelds.
The case turns on the construction to be given to the term "valid and collectible insurance," as contained in the "other insurance" clause in the Royal policy. The construction given by the chancellor was eminently correct, and we affirm.
The pro rata clause, in referring to "valid and collectible" insurance is directed to a policy which is legal and valid, as distinguished from one which is invalid such as for fraud, or uncollectible such as for insolvency. Air Transport Mfg. Co. v. Employers' Liability A. Corp., 91 Cal. App.2d 129, 204 P.2d 647; American Lumbermens Mut. Casualty Co. v. Lumber Mut. Cas. Ins. Co., 251 App.Div. 231, 295 N.Y.S. 321; 8 Appleman, In. L & P § 4911, pp. 378-379. The problem this case presents arises from the circumstance that both policies were valid and collectible on the date the loss accrued, that is, on the date the accident occurred, but that one of them, the $100,000 policy of Eagle, appears to have become "uncollectible" thereafter *588 through the failure of the insured to furnish timely notice of the accident claim. Appellants rely on that subsequent uncollectibility. However, the chancellor held, and we agree, that collectibility at the time of the accident is what was meant by the policy provision in question, and that both policies were then valid and collectible. See Liberty Mutual Insurance Company v. Conley, Fla.App. 1963, 152 So.2d 521; Factory Mutual Liability Ins. Co. of America v. Continental Cas. Co., 5 Cir.1959, 267 F.2d 818; Air Transport Mfg. Co. v. Employers' Liability A. Corp., supra.
For the reasons stated the final decree appealed from is affirmed.