CLAYTIE C. ANDERSON, INDIVIDUALLY, AND CLAYTIE C. ANDERSON, AD-
MINISTRATRIX OF THE ESTATE OF CARL EDWARD ANDERSON, PLAIN-
TIFF v. ALLSTATE INSURANCE COMPANY, ORIGINAL DEFENDANT, AND
NATIONAL GRANGE MUTUAL INSURANCE COMPANY, ADDITIONAL
PARTY DEFENDANT.

(Filed 14 January, 1966.)

**1. Insurance § 3—**

While an ambiguity in an insurance contract will be construed favor-
ably to insured, when there is no ambiguity the court must interpret the
terms of the contract according to their usual and commonly accepted
meaning, and may not under the guise of construction insert provisions
not contained therein.

**2. Insurance § 66.1—Policy in suit held to cover only excess over other
insurance collectible at time of accident.**

The policy in suit provided payment of funeral expenses for insured if
fatally injured while a passenger in an automobile, with provision that
such insurance should be only for the excess over any other valid and col-
lectible medical payment insurance. The driver of the car in which intes-
tate was riding was covered by a policy providing for funeral expenses to
any person fatally injured by accident while occupying the vehicle owned
by the driver thereof, which policy provided that upon payment thereunder
the insurer should be subrogated to the rights of the injured person against
the tort-feasor, and that the injured person should do nothing after loss
to prejudice such rights. Testatrix compromised her claim against the
driver of the other car involved in the accident. *Held:* Testatrix may re-
cover only funeral expenses in excess of the coverage provided in the
policy of the driver of the car in which insured was riding, since this was
collectible insurance at the time of the accident even though not collectible
after the settlement.

**3. Appeal and Error § 49—**

Failure of the court to make findings requested cannot be prejudicial
when such requested findings are not material.

**4. Same—**

In a trial by the court, it will be presumed that it ignored any incom-
petent evidence.

**5. Compromise and Settlement—**

The admission in evidence of a letter containing an offer of compromise
cannot be prejudicial when the court resolves the question of the amount
of damages in favor of plaintiff.

APPEAL by plaintiff from *Martin, S.J.,* 30 August 1965 Civil Small Claim Session of FORSYTH.

This is an action brought by the plaintiff in her own behalf and as administratrix of the estate of her deceased husband, Carl Edward Anderson, hereinafter called the deceased, against the Allstate Insurance Company to recover from it the funeral expenses of the deceased, pursuant to the Medical Payments Clause contained in a policy of automobile liability insurance issued by Allstate to him. Allstate contends that it is liable to the plaintiff for only the excess of these expenses over and above the amount which the plaintiff could have recovered under a policy issued by National Grange Mutual Insurance Company to the owner of the automobile in which the deceased was riding when he received the injury from which he died. At the suggestion of the court, Allstate filed a cross-action against National Grange and made it a party defendant, the prayer in the cross-action being that Allstate's liability to the plaintiff be declared "excess medical payments coverage" over and above the coverage in the National Grange policy. National Grange filed an answer to the cross-action denying any liability by it to the plaintiff under the terms of its policy, the plaintiff having executed a release to the driver of the other vehicle, whose negligence was responsible for the accident, thus defeating any right which National Grange might otherwise have against him under the subrogation provisions of its policy.

The case was heard without a jury upon stipulated facts and upon the provisions of the policies and other documents introduced in evidence.

These stipulations and documents tend to show the following facts:

On 23 February 1964, the deceased was riding as a passenger in an automobile owned and driven by one Burnett. It collided with the vehicle driven by one Graham, the collision being proximately caused by the negligence of Graham. The deceased died as a result of injuries received by him in the collision and the plaintiff incurred and paid funeral expenses in the amount of $1,373.25.

At the time of the collision there was in effect a policy of insurance issued by Allstate to the deceased containing a Medical Payment Clause. This clause provided that Allstate would pay necessary funeral expenses for the insured in event of his death caused by accident while occupying an automobile, the maximum of all payments under this clause on account of one person being $2,000. However, this clause also stated:

"[P]rovided, however, the insurance with respect to a * * * non-owned automobile shall be excess insurance over any other valid and collectible automobile medical payments insurance."

The Burnett automobile was a "non-owned" automobile within the definition of that term in the Allstate policy.

At the time of the collision there was also in effect a policy issued by National Grange to Burnett providing coverage, up to $1,000, for medical payments and funeral expenses of any person injured by accident while occupying the Burnett vehicle while it was being driven by the owner thereof, as it was being driven at the time of this collision. However, the National Grange policy also contained the following provision:

"In the event of any payment under the Medical Expense Coverage of this policy, the Company shall be subrogated to all the rights of recovery therefor which the injured person or anyone receiving such payment may have against any person or organization and such person shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. Such person shall do nothing after loss to prejudice such rights."

With knowledge of these provisions in the two policies the plaintiff settled the claim against Graham, the driver at fault in the accident, and executed a full release to him. Thereafter, she filed a claim with National Grange under its policy, which it denied because the plaintiff had released Graham and was not in a position to execute a subrogation agreement to National Grange.

The court having found these facts, and others not material to this appeal, concluded that, at the time the funeral bills were incurred, the National Grange policy provided valid and collectible automobile medical payments insurance within the meaning of the proviso in the Allstate policy, and, therefore, the medical payments coverage provided by the Allstate policy was excess coverage over and above that afforded by the National Grange policy, so that Allstate is liable to the plaintiff for only the funeral expenses less the $1,000 which she might have collected from National Grange. From a judgment entered in accordance with these findings and conclusions the plaintiff appeals.

*Elledge & Mast for plaintiff appellant.*

*Womble, Carlyle, Sandridge & Rice; by Grady Barnhill, Jr., for defendant appellee.*

LAKE, J. The judgment of the court below was clearly correct if the benefits to which the plaintiff was entitled under the National Grange policy constituted "valid and collectible automobile medical payments insurance." They obviously did constitute such insurance unless they are removed from that category by the circumstance that, by the terms of the policy, upon payment of such benefits to the plaintiff, National Grange would be subrogated, to that extent, to her rights against the negligent driver.

The plaintiff in her brief contends that the National Grange policy did not provide "other valid and collectible" automobile medical payments insurance, because the coverage it provided was not as valuable as that provided in the Allstate policy since the Allstate policy did not contain a subrogation provision. That is, under the Allstate policy, had there been no medical payments clause in the National Grange policy at all, the plaintiff could have collected the full funeral expense from Allstate and could also have collected the same expense as part of her damages against the negligent driver. She cites no authority in support of her proposition that the provision in the Allstate policy must be construed to mean other medical payments insurance of the type provided in the Allstate policy. We have found no authority supporting that proposition.

It is, of course, true that ambiguous provisions in an insurance policy are construed most favorably to the insured and strictly against the company since the company wrote the policy. *Skillman v. Insurance Co.*, 258 N.C. 1, 127 S.E. 2d 789; *Barker v. Insurance Co.*, 241 N.C. 397, 85 S.E. 2d 305; *Johnson v. Casualty Co.*, 234 N.C. 25, 65 S.E. 2d 347. However, the court may not rewrite the policy under the guise of interpreting it so as to enlarge the coverage afforded thereby. "Insurance contracts will be construed according to the meaning of the terms which the parties have used and unless such terms are ambiguous, they will be interpreted according to their usual, ordinary, and commonly accepted meaning." *Johnson v. Casualty Co., supra.*

In her brief the plaintiff says:

> "The heart of the contract between the defendant, Allstate, and the decedent, Anderson, was their intention to provide medical and funeral expense coverage to Mr. Anderson, regardless of whether or not he could recover against a third party tort feasor or not."

This is precisely the kind of coverage provided by the National Grange policy. The liability of that company to the plaintiff under its policy was not contingent upon the right of the plaintiff to re-

Anderson *v.* Insurance Co.

cover from the negligent driver or the collectibility of a judgment which she might obtain against him. It undertook to pay the medical or funeral expenses of any occupant of the Burnett car caused by injuries received while riding therein. This is the essence of medical payments insurance. The provision for subrogation to the right of such beneficiary against the negligent driver of another vehicle does not change the nature of this coverage.

The plaintiff also contends that the insurance afforded by the National Grange policy was not collectible because National Grange refused to pay the plaintiff on account of her having settled with and released the negligent driver. Whether the National Grange policy provided "other valid and collectible automobile medical payments insurance" must be determined as of the time of the collision. See *Newcomb v. Insurance Co.*, 260 N.C. 402, 133 S.E. 2d 3. The plaintiff's own destruction of her claim against National Grange by her release of the negligent driver cannot enlarge her rights against Allstate.

We have examined the plaintiff's other assignments of error and find them to be without merit. The additional findings of fact requested by the plaintiff were not material, so the court's failure to include them within the findings was not prejudicial error. There was no error in the court's receiving in evidence the letter of 13 July 1964 from plaintiff's counsel to the defendant, to which the plaintiff objected on the ground that it contained an offer of compromise. This case being tried by the court without a jury, the presumption is that the court ignored any portion of the letter which was incompetent. *Reverie Lingerie, Inc. v. McCain*, 258 N.C. 353, 128 S.E. 2d 835. The effect of the letter was simply to show that the plaintiff, when she settled with the negligent driver, was aware of the provision in the National Grange policy. This fact was stipulated by the parties. As to the element of compromise, the court resolved the question of the amount of funeral expenses in favor of the plaintiff. She was not prejudiced in any way by the introduction of this letter in evidence.

No error.