Esther Harkavy

*v.*

Phoenix Insurance Company, a Corporation.

417 S.W.2d 542.

(*Jackson,* April Term, 1967.)

Opinion filed May 5, 1967.

Petition for Rehearing Denied July 28, 1967.

328

John C. Robertson and John R. McCarroll, Jr., Memphis, for appellant.

Carroll C. Johnson and Max Shelton, of counsel, Chandler, Manire, Johnson & Chandler, Memphis, for appellee.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

The appellant, Esther Harkavy, filed a suit in the Chancery Court against the appellee, Phoenix Insurance Company. The purpose of her suit was to recover the amount of automobile medical insurance provided in the Phoenix policy which she carried on herself.

On March 11, 1965, Esther Harkavy was involved in an automobile accident when she was riding as a passenger with one Markowitz. As a result of Markowitz's car being hit by a car driven by a third party, she was severely injured and as a result of these injuries spent some $2,500.00 for medical expenses and treatment.

At the time of the injury the Markowitz car, in which she was riding, was insured by another insurance company which, in addition to other things, provided for medical coverage up to the amount of $5,000.00. The Phoenix policy, which Esther Harkavy had, had no provision for subrogation. The Markowitz policy did have such a provision provided in its medical payment coverage which provided if, for instance, Esther Harkavy received payment for medical expenses she would have to sign an agreement subrogating this company to refund these medical payments from a third party, if any. The Phoenix policy on appellant provided for medical coverage up to $2,000.00.

Following the accident Esther Harkavy filed suit against the third party tort feasor. This suit was com-

promised, settled and dismissed, and the tort feasor released for $8,500.00. There was no claim made by appellant against Markowitz.

The Phoenix Company denied liability in its answer on the theory that there was other valid and collectible automobile medical payments insurance, namely, the policy on the Markowitz car. All facts were stipulated. The Chancellor dismissed the bill on his finding that the complainant was not entitled to recover based on the theory that there was other valid and collectible automobile medical payments insurance.

The decision of this case must naturally be based upon a proper construction of the Phoenix policy written on the appellant. In Part II of the policy medical expenses are provided for, as follows:

*"Coverage C—Medical Payments.* To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

*"Division 1.* To or for the named insured and each relative who sustains bodily injury, sickness, or disease, including death resulting therefrom, hereinafter called 'bodily injury', caused by accident,

"(a) while occupying the owned automobile,

"(b) while occupying a non-owned automobile, but only if such person has, or reasonably believes he has, the permission of the owner to use the automobile and the use is within the scope of such permission, or

"(c) through being struck by an automobile or by a trailer of any type;

"*Division 2.* To or for any other person who sustains bodily injury, caused by accident, while occupying

"(a) the owned automobile, while being used by the named insured, by any resident of the same household or by any other person with the permission of the named insured; or

"(b) a non-owned automobile, if the bodily injury results from

"(1) its operation or occupancy by the named insured or its operation on his behalf by his private chauffeur or domestic servant, or

"(2) its operation or occupancy by a relative, provided it is a private passenger automobile or trailer,

but only if such operator or occupant has, or reasonably believes he has, the permission of the owner to use the automobile and the use is within the scope of such permission.

\* \* \* \* \* \*

"*Limit of Liability.* The limit of liability for medical payments stated in the declarations as applicable to 'each person' is the limit of the company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury as the result of any one accident.

"*Other Insurance.* If there is other automobile medical payments insurance against a loss covered by Part II of this policy the company shall not be liable under this policy for a greater proportion of such loss than

:the. applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible automobile medical payments insurance; provided, however, the insurance with respect to a temporary substitute automobile or non-owned :automobile shall be excess insurance over any other valid and collectible automobile medical payments insurance.''

The argument of the appellant is that there is no ''other valid and collectible automobile medical payments insurance'' because of the factual situation in this case, that is, if the appellant attempted to, or did, collect from Markowitz's insurance carrier the amount of the medical expenses which she incurred, that his insurance carrier then would be subrogated to the rights that the appellant had against the tort feasor and that this would thus reduce the amount that she recovered against the tort feasor. In other words, she would be going around in a circle and she would get no more than she had already gotten from the tort feasor. Since she has recovered this from the tort feasor, she would have to give it back to Markowitz's insurance carrier and thus there is no valid collectible medical payments insurance from this carrier, therefore this clause in the contract has no meaning and effect.

■ The terms '' 'valid and collectible' insurance is directed to a policy which is legal and valid, as distinguished from one which is invalid such as for fraud, or uncollectible such as for insolvency. *Air Transport Mfg. Co. v. Employers' Liability A. Corp.*, 91 Cal.App.2d 129, 204 P.2d 647; *American Lumbermens Mut. Casualty Co. v. Lumber Mut. Cas. Ins. Co.*, 251 App.Div. 231, 295 N.Y.S. 321; 8 Appleman, In. L & P sec. 4911, pp. 378-379.''

*Friedfeld v. Royal Indemnity Co.,* Fla.App. 167 So.2d 586, 587.

■ In that case it was held that the policies were valid and collectible at the time of the accident, but by a party failing to give a proper notice of the claim it had become barred and thus it was uncollectible. Nevertheless, since it was collectible at the time of the accident, it was a valid clause and the insurance was valid and collectible at that time. This seems to be the general rule, that is, "other valid and collectible automobile medical payments insurance" must be determined as of the time of the collision. *Newcomb v. Great Am. Ins. Co.,* 260 N.C. 402, 133 S.E.2d 3, and others.

■ In the last few years these medical and funeral expense clauses in standard automobile liability insurance policies have become very general in practically all policies as far as we can find. Clauses of the type have been said to constitute, in effect, separate accident insurance coverage and their obligation is to the injured person, or the person who incurs funeral expenses, rather than the person insured against liability. In the past few years a few cases have arisen where there is a provision, as hereinabove copied, of other insurance, and, insofar as the fifteen or twenty cases we have read are concerned, the provision is identical in language. However, the factual situation in the different cases and the language in some of the policies have made a difference in the outcome.

■ In the case of *Burns v. Employers' Liability Assurance Corp.,* 205 Pa.Super. 389, 209 A.2d 27, that court held that where the insured's son was killed as a result of the negligence of the third party, who had a liability insurance contract on his automobile and where he settled

with this other company for liability as well as medical expenses, he could not recover against his carrier. All of these cases that we have read recognize the fact that an insurance policy is construed more strongly against an insurer who has prepared it. The Burns case, just cited, makes such a statement and recites respectible authority therefor. We so recognized this in *Alsup v. Travelers Ins. Co.*, 196 Tenn. 346, 268 S.W.2d 90, and realize fully that this is the law, and in our study and reading in the instant case we have had this thought in mind, but after much deliberation we are constrained to hold that there is no ambiguity in the language of this policy (Phoenix, herein) wherein it could be held to be ambiguous and thus allow a recovery herein.

The appellant among other authorities primarily relies upon *Feltenstein v. Travelers Indemnity Co.*, 44 Misc. 2d 999, 255 N.Y.S.2d 404, wherein this New York court, basing its decision upon the case of *Johnson v. New Jersey Manufacturers Indemnity Ins. Co.*, 69 N.J.Super. 184, 174 A.2d 4, held that the terms of the policy in that case were ambiguous and therefore held the companies liable for their pro rata share of the covered medical expenses based upon the proportion of their insurance to the total coverage.

This New York case was again considered by a three judge court in a case of the same style, as reported in 49 Misc.2d 876, 268 N.Y.S.2d 673, where the appellate court reached the same conclusion as did the trial court first reported, but apparently for a different reason. In the first of these reported New York cases the court takes up the language of the policy and from different statements made in the policy, which are not in the Phoenix policy now before us concludes that the policy therein was

ambiguous. When this case was reported the second time the three judge court likewise held that the policy was ambiguous and at page 676 of this report states the reason, as follows:

"The only place a 'non-owned' automobile is mentioned in Part II is in Division 2, sub. (b), dealing with 'any other person' than the insured or a relative. In the case of injury to the insured or a relative, covered by Division I, the proviso clause does not apply. See also *Kopp v. Home Mut. Ins. Co.*, 6 Wis.2d 53, 94 N.W.2d 224."

We cite this as merely one of the reasons why the New York Court held this policy ambiguous. From a very careful reading of the provisions in the Phoenix policy now before us we find that there is no such ambiguity. In other words, the New York Court finds that there is ambiguity for reason of things said or not said in the policy involved in that case, and that is particularly true because they point out as one of their strongest reasons therefor that, after the first statement in Division I saying it covers any and all automobiles, it doesn't say anything about the non-owned automobiles; then Division II does set out these things but since these two Divisions are so entirely different they are more or less mutually exclusive and consequently they are ambiguous. The court reaches the result that the two insurance companies must pro rate their liability.

This first New York case is based upon the case of *Johnson v. Manufacturers Indemnity Corp.*, supra, as said above, and was the only one that either the trial court or the court on the second appeal could find in point on the problem before them. Other cases that have followed these cases since that time, we find by Shepard-

izing, are very few, but have the identical situations for ambiguity as set forth in this New Jersey case and the New York case, except it is recited in the New York case that where the policy is ambiguous it is to be construed most liberally in favor of the policy holder or beneficiary and strictly construed against the insurer in order to afford the protection which the insured seeks. In other words, as we said in *Alsup v. Travelers,* supra, when the words are doubtful or uncertain and for any reason ambiguity appears in the policy as a whole, or any portion thereof, the insured is to have the benefit of a favorable construction in such instance.

In *Johnson v. New Jersey,* supra, the automobile insurance provision is identical in words and punctuation as that in the Phoenix case now before us, but other provisions which precede the automobile insurance provision, such as we have quoted above from the Phoenix policy about medical services coverage, etc., are entirely different from the policy in the present case, not necessarily in the provisions which were in the *Johnson* case but in what is left out of the *Johnson* case that is put in the Phoenix policy. For instance Provision I in the *Johnson* case ends with the proposition that the insured is entitled to recovery while occupying or through being struck by an automobile. The policy stops at that point and then begins Division II of the policy. It does not include such things as are in the Phoenix policy, such as occupying a non-owned automobile and things of that type. There are other reasons why this policy in the *Johnson* case was held ambiguous, which do not apply to the instant case, and, therefore, we do not think the facts of these cases, as relied on by the appellant, are applicable in the instant case.

It does not seem to us that we have a policy here which admits of two reasonable constructions. If the policy did admit of two reasonable constructions, we must charge this fault to the insurer who selected the language and put it in his policy. It seems to us in reading this policy, not as a Philadelphia lawyer would read it but more or less as a layman would read it, the appellant is told, when she takes this policy, if she or relatives sustain bodily injury while occupying her own automobile or while occupying a non-owned automobile with permission to use it, or if she is struck by an automobile, she would get her medical expenses. It also seems clear to us if other people are riding with her in her automobile, or if they are riding in a non-owned automobile where she is responsible for its operation, they will get the medical expenses. However, if she is riding in an automobile with somebody else in their automobile and their insurance has medical coverage, in certain instances the payments should be pro rated, and in others she would receive payment from that policy. In such a case the company in which she has her insurance this would be merely excess insurance. This seems reasonable to us for here she was riding with a person who had $5,000.00 medical insurance coverage, and she could have made her claim immediately and gotten that. The question of the tort feasor paying part, or all of it, presents a different problem.

We think unquestionably it is a correct principle that "The general rule is that a plaintiff who has been injured by the tortious conduct of the defendant is entitled to recover the reasonable value of medical and nursing services reasonably required by the injury. This is a recovery for their value and not for the expenditures actually made or obligations incurred. Thus, under this general rule, the fact that the medical and nursing serv-

ices were rendered gratuitously to the one who was injured will not preclude the injured party from recovering the value of those services as a part of its compensatory damages.'' 22 Am.Jur.2d, sec. 207, p. 288. If the non-owned automobile carrier does have, as herein, a subrogation clause they could put in a claim under this policy and then the company would be entitled to sue and collect from the tort feasor. The policy in question of Phoenix doesn't have anything to do with that. In other words, all it provides is, if there shall be valid and collectible insurance from another company, then their insurance would be excess. There was valid and collectible insurance, and the mere fact that a third party came into it is not a question under the contract here between these parties.

■■ The appellee relies upon *Anderson v. Allstate Ins. Co.*, 266 N.C. 309, 145 S.E.2d 845, as authority supporting its position. This case among other things holds that a subrogation provision in a policy covering these medical payments affording primary coverage does not render such insurance invalid or uncollectible so as to permit full recovery from the excess automobile medical payments. It likewise holds that one who settles with a tort feasor so as to preclude himself from collecting automobile medical payments insurance under a policy affording primary coverage cannot thereby enlarge his rights so as to collect the entire medical expenses from the insurer affording excess medical payments insurance. This court bases its reasoning on the fact that the valid collectible insurance was fixed at the time of the accident and, when she settled with the tort feasor, she had destroyed her own claim by her release of the negligent driver. In other words, it was inferentially the same thing as here because the subrogation claim would have no right

as she had already released them and they wouldn't have any right to be subrogated and get the money back under the subrogation clause. Then, too, in North Carolina in the case of *Tart v. Register*, 257 N.C. 161, 125 S.E.2d 754, the court held that even though the weight of authority was to the contrary the occupants of an automobile which collided with defendant's car were not entitled to recover for the defendant's doctor and hospital bills, incurred as a result of the collision, but would be paid under automobile medical payments insurance coverage of the automobile in which they were riding. In other words, the showing that these things had been paid by the medical payments was not a proper element of damages. North Carolina is in the minority in this case. See 13 A.L.R.2d 356. But North Carolina does recognize the general rule concerning ambiguity in the provisions of an insurance policy, and in the case there there was no ambiguity so as to construe the policy any differently than was done.

"Other insurance" as used in the Phoenix policy was intended to embrace other insurance of the same nature taken out by the insured.

Lastly, we refer to an opinion by this Court, handed down on April 21, 1967, of *United Services Automobile Association, etc. v. Hartford Accident & Indemnity Co., et. al.*, 220 Tenn. 120, 414 S.W.2d 836, from Davidson County, written by Mr. Justice Creson, in which these other insurance clauses in liability policies are discussed and for excellent reasons, we think, therein set forth, we adopted the pro rata rule. The factual situation though in the *United Services* case, supra, presents a different question from that in the case now before us, but in our research of that case we ran into a lot of problems which are now in the instant case.

■ Suffice it to say that after a very careful study of the language in this policy we are satisfied for reasons herein set forth that the Chancellor reached the right decision, and it is accordingly affirmed.

## On Petition to Rehear

The petitioner, Esther Harkavy, has filed herein a forceful, dignified and courteous petition to rehear. In this petition she takes the position that because of the opinion of this Court referred to in our original opinion herein of *United Services Automobile Association, etc. v. Hartford Accident & Indemnity Company et al.,* 220 Tenn. 120, 414 S.W.2d 836 filed April 21, 1967, we should award her a judgment for a pro-rata share of her medical expenses against the defendant, Phoenix Insurance Company, herein.

We were not unmindful that such an application would probably be made when we wrote this opinion, because at that time we were familiar with the conclusion that we had reached in the *United Services* case, and, since there was some similarity in the two cases, we considered the question then of whether or not this present case should be decided on the same basis as the *United Services* case, and, after having considered the matter to some extent and debated it in our mind, we made the statement in this case that, ''The factual situation though in the *United Services* case, supra, presents a different question from that in the case now before us, but in our research of that case we ran into a lot of problems which are now in the instant case.''

Thus it is that we are not surprised that such a contention is now made, but we are well satisfied after considerable thought, before the petition herein was filed, and, at

the time we prepared the original opinion, that the two cases do not present the same problems by any means.

In the *United Services* case we were faced with the anomaly that under the literal provisions of each policy, neither could be said to provide valid and collectible insurance with respect to the other, and the clauses were mutually repugnant. Thus it was that we concluded that the Federal case of *Oregon Auto. Ins. Co. v. United States Fidelity & Guaranty Co.,* 9 Cir., 195 F.2d 598, should be followed. In the present case a proration situation is not presented because it clearly appears to us the employer's fire insurance company policy provided other valid and collectible automobile medical payment insurance and thus there was in this case now before us valid and collectible insurance. It seems to us that this is conclusive of the matter.

After fully considering the question now and having considered it heretofore as pointed out above, we are satisfied that the two problems are not the same and that there should be no prorata insurance in behalf of Mrs. Harkavy for the reasons heretofore set forth in our original opinion.

The petition to rehear is overruled and denied.