EICHLER *v.* FEDERAL MUTUAL INS. CO.

(No. 3422—Decided June 2, 1970.)

County Court of Columbiana County, Northwest Area.

*Mr. Wm. J. Brown,* for plaintiff.
*Messrs. Pfau, Comstock & Springer,* for defendant.

GREENAMYER, J. This matter came before the court for decision upon the petition and answer, together with an agreed statement of facts and briefs submitted by each party; no testimony or evidence being presented to the court.

The facts of the claim show that the plaintiff, while a passenger in an automobile owned and operated by one Mohr, was injured to the extent of $475.59 in medical expenses, of which he was reimbursed to the amount of $465.-59 by his own hospitalization insurance.

The plaintiff, at the time of the accident, was insured by the defendant by an automobile insurance policy which contained a medical payments endorsement, common to the usual form, and containing a provision that reads as follows:

"Other insurance

"If there is other automobile *medical payments* insurance against a loss covered by Part II of this policy, the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declaration bears to the total applicable limit of liability of all valid and collectible automobile *medical payments* insurance; provided, however, the insurance with respect to a temporary substitute automobile or nonowned automobile shall be excess insurance over *any other valid and collectible medical payments* insurance." (Emphasis added.)

Also, at the time of the accident, Mohr, the plaintiff's host, was insured by an automobile insurance policy issued by Republic-Franklin Insurance Company, hereinafter referred to as Republic. Republic's policy also contained a provision that the policy did not apply under the *medical expense* coverage.

"(1) to the extent that any medical expense is paid or payable to or on behalf of the injured person under the provisions of any * * * (ii) individual, blanket or group accident, disability or hospitalization insurance * * *."

The plaintiff, having recovered all but $10 of his medical expenses from his hospitalization insurance, was paid $10 by Republic. Plaintiff being then unable to recover under his own policy with the defendant, sued them for the entire $475.59, claiming that he was entitled to the same, despite the fact that he had recovered his total expenses.

Upon this statement of the facts, which are uncontroverted, the court must determine whether plaintiff should collect from his own carrier, in addition to what he has already collected.

Both parties have submitted briefs, as hereinbefore

indicated, and no Ohio cases have been presented, nor has the court found any. In fact, the case seems to be one of first impression in Ohio, so far as reported cases are concerned, and the cases from other states are not entirely similar to this particular case.

It appears that some general knowledge, outside the case, should be presented here, which, while not injected by the pleadings, may contribute to the decision.

For some years, automobile policies issued by most of the companies writing such coverage were fairly standardized. However, during more recent years, competition among the companies has become more intense, and companies have resorted to both price differentials and variations in the wording of the policies in an effort to increase their share of the market while at the same time producing a policy which should be profitable to them. In fact, many, if not most, companies now offer a choice of automobile policies with but slightly different features, and still providing the same fundamental coverages. It is in this thicket that situations such as the instant one arise.

One of the coverages that has produced much of this variation in wording between companies, and even between policies of the same company, is the relatively modern addition to the automobile liability policy which reimburses the insured for medical expenses incurred from automobile accidents, without regard to fault.

Originally, these "endorsements" or additions to the liability policy were fairly standardized in wording. Not so today. One of the reasons for the current variations has been the intent of the companies to restrict their insured from what might be called "double reimbursement," or collecting for the same expense more than once through their collection from hospitalization, personal accident, group coverage and automobile medical coverage, in addition to possible total recovery from a tort-feasor. The instant case is typical of the present situation, and some of the cases researched have themselves failed to distinguish the difference.

Perhaps the leading difference in coverages offered in

this field is between what the companies have formerly called "medical payments" coverage, and the more recent "medical expense" part of the policy. Under the former, recovery is permitted an insured whether or not he collects for the same expenses from any other insurance of his own, or from any other party. Under the latter, he is restricted to one recovery only.

In the instant case, the plaintiff was insured by the defendant for "medical payments" while riding in his own automobile, but while riding in any nonowned automobile, his coverage was excess to "any other valid and collectible medical payments insurance."

By contrast, the medical coverage issued by Republic to the plaintiff's host, Mohr, was a "medical expense" coverage, and when the plaintiff recovered most of his actual expenses from his own hospitalization insurance, Republic was liable for only the difference, or $10.

Both parties, in their briefs, make much of the term used in the Republic policy—"valid and collectible," but the defendant has seemingly overlooked that its own policy provides coverage in nonowned automobiles and is excess only to "any other valid and collectible medical payments insurance." Stated differently, so far as the plaintiff was insured by Republic, it was only to the extent he did not collect from other sources, *i. e.,* it was *medical expense* coverage, and not the *medical payment* coverage which the defendant provided, and which the defendant provided would be *excess only to other medical payments* insurance.

It is almost axiomatic that in any disputed contract, any ambiguity shall be construed against the preparer of the contract. However, to invoke this accepted rule, there must be reason to use it. If the generally accepted understanding of the terms are satisfactorily clear, it must not be applied.

A study of the cases submitted in the briefs is typical of the problem here presented.

In *Harkavy* v. *Phoenix Ins. Co.* (1967), 220 Tenn. 327, 417 S. W. 2d 542, the plaintiff sued her own insurer, as in the present case, and was a passenger in a car insured by

another carrier. However, unlike the present case, the host's policy also provided for *medical payments,* rather than *medical expenses* for which the plaintiff could not otherwise be reimbursed, and she was held unable to collect the second time, her own policy proving excess coverage.

This court is impressed by the statement of the court in the cited case (*Harkavy*) regarding definition of the coverage. It so clearly describes the situation above discussed relative to the two present types of reimbursement for medical costs and the problem of interpretation. While this decision is becoming quite lengthy, this court feels a quotation appropriate:

"It does not seem to us that we have a policy here which admits of two reasonable constructions. If the policy did admit of two reasonable constructions, we must charge this fault to the insurer who selected the language and put it in his policy. It seems to us in reading the policy, not as a Philadelphia lawyer would read it but more or less as a layman would read it, the appellant is told, when she takes the policy, if she or relatives sustain bodily injury while occupying her own automobile or while occupying a nonowned automobile with permission to use it, or if she is struck by an automobile, she would get her medical expenses. It also seems clear to us if other people are riding with her in her automobile, or if they are riding in a nonowned automobile where she is responsible for its operation, they will get the medical expenses. However, if she is riding in an automobile with somebody else in their automobile and their insurance has medical coverage, in certain cases the payments should be prorated, and in others she would receive payment from that policy. In such a case the company in which she has her insurance would be merely excess insurance."

In the case of *Anderson* v. *Allstate Ins. Co.* (1966), 266 N. C. 309, 145 S. E. 2d 845, also cited by the defendant in the instant case, the Supreme Court of North Carolina denied payment to the plaintiff primarily because of a subrogation problem which has not been raised in this

case. Furthermore, both companies' policies apparently provided "'medical payments" coverage, making the plaintiff's own insurer again liable only as an excess insurer.

In *Schweisthal* v. *Standard Mutual Ins. Co.*, (1964), 48 Ill. App. 2d 226, 198 N. E. 2d 860, cited here by the plaintiff, both insurers again wrote the "medical payments" coverage, distinguishing it from the instant case, and again held the one company's coverage was excess to the other one. It is interesting to note that that court defined or interpreted "collectible" to mean "exhaustion of primary coverage."

As said in the opinion, "The briefs and arguments of the defendants are confined to the interpretation of the policy provisions. There appear to be no Illinois authorities dealing with the issue with respect to medical payments. We conclude, however, that there is no sound reason, nor is any urged, why a different construction or application of law should be made to medical payments provisions of an automobile insurance policy than to the liability features of the same policies. They must be construed according to the sense and meaning of the terms which the parties have used and if the language is clear and unambiguous it must be taken and understood according to its plain, ordinary and popular sense."

From these cases, and from the previous explanation of the variations within different policies as offered today, and as here involved, the court can conclude only that the defendant's policy exclusion of "other valid and collectible medical payments insurance" does not encompass the "medical expense" provisions of the Mohr insurance, and that it follows that plaintiff must prevail in this case.

Accordingly, judgment is hereby rendered in favor of the plaintiff and against the defendant in the amount claimed, of $475.59, plus the costs of this action.

*Judgment for plaintiff.*