No. 22,346.

MARIE LUCAS, *Appellee*, v. BROTHERHOOD OF AMERICAN YEO-
MEN, *Appellant*.

SYLLABUS BY THE COURT.

1. FRATERNAL INSURANCE—*Liability Denied Upon a Single Ground Only —Other Defenses Waived*. Where, prior to being sued upon a certificate of fraternal insurance, a beneficiary association denies liability and places its refusal to pay solely upon the ground of accord and satisfaction, it thereby waives other defenses, including a failure to demand arbitration.

2. SAME—*Pleadings—Not Objectionable as Pleading Evidence*. In such an action, a reply setting forth the correspondence between the parties showing the ground upon which liability was denied, is not open to the objection that it pleads the evidence.

3. SAME—*Instructions—Continuance*  Assignments of error in giving and refusing instructions and in refusing to grant a continuance, are held not to be meritorious.

Appeal from Wyandotte district court, division No. 3; WIL-
LIAM M. McCAMISH, judge. Opinion filed December 6, 1919.
Affirmed.

*H. G. Wierenga,* of Kansas City, and *John D. Denison,* of Des Moines, Ia., for the appellant.

*J. O. Emerson, David J. Smith,* and *Edward M. Boddington,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The action was upon a fraternal insurance cer-
tificate. Plaintiff recovered, and the defendant appeals.

The defendant is a fraternal beneficiary association organ-
ized under the laws of Iowa, and authorized to do business in
this state; it maintains a lodge system known as homesteads,
among which is homestead No. 954, located at Kansas City,
Kan. In January, 1917, it issued to Tony Joe Lucas a certifi-
cate which provided that in the event of his death within one
year the association would pay to his mother, as beneficiary,
the sum of $700. He died June 27, 1917. The answer set up
three defenses: *first,* that the certificate was void because the
assured concealed and misrepresented the past condition of
his health and treatments by physicians for disease at and
before the date of his application; *second,* that the defendant
had settled and compromised plaintiff's claim before suit was
commenced; *third,* that no arbitration was had, and that the
provision in the certificate requiring arbitration before suit
was brought was a condition precedent, and that the action was
barred.

It appears from the evidence that the plaintiff is a Polish
woman, who speaks English very poorly and is unable to write
English. When the certificate issued she was an inmate of an
insane asylum at Nevada, Mo., and had been an inmate
of the Osawatomie hospital for the nisane in Kansas. She
came home from the Nevada hospital in the spring of 1917,
about the time her son was taken sick. The evidence of phy-
sicians, as well as that of neighbors and members of the family,
tended to show that she was still of unsound mind and not
capable of transacting business. The alleged settlement was
made through C. L. Vrooman, a director of the defendant asso-
ciation, and S. L. Taylor, correspondent or clerk of the local
homestead. In order to induce Mrs. Lucas to come to Taylor's
office and make a settlement, they secured the friendly services
of the undertaker, who held a claim for the expenses of the
funeral of the assured, and whose claim was first satisfied out
of the $250 payment. The undertaker testified that the plain-
tiff said very little, and that she was bothered and troubled dur-
ing the conference. Through her husband as an interpreter,

plaintiff talked with Vrooman and Taylor. They produced what they represented to be affidavits of physicians, to the effect that her son had died of a disease which he had when he became a member of the association, and stated to her that the policy was void; that nothing could be recovered upon it; and Vrooman said that, while they owed her nothing on the certificate, they would make her a gift of $250. The plaintiff testified that she believed what they said and accepted the payment. The testimony of members of plaintiff's family and of several others tended to show that there was nothing wrong with the health of Tony Lucas until after his adenoids were removed by medical officers of the U. S. army in March, 1917. Physicians who testified on behalf of the defendant stated that the young man's death resulted from splenic anemia, and that he was taken sick in April or May, four or five months after he had joined the society. The plaintiff's medical testimony tended to show that this disease might result in death within three or four months from the time it was contracted.

The court instructed that if the jury found from the evidence that Mrs. Lucas was mentally incapable of making the release, and that by reason of her condition did not understand the nature of the transaction, or was unduly in uenced by reason of the representations of defendant's agents, and believed and relied on their statements, and would not have signed the release except for these facts; and, if they found that the statements were not true as charged in the reply, they should find the release not binding on the plaintiff. The burden of proof rested upon the plaintiff to establish the facts showing that the release was not binding. While there was conflicting evidence on this issue, the general verdict in plaintiff's favor is abundantly sustained by proof and, of course, cannot be overturned. The court refused to submit to the jury the defense that there had been no arbitration, and the principal contention is that this was error, and that the failure to comply with the provision of the certificate requiring arbitration was a bar to the action. The arbitration clause reads:

"No action can or shall be maintained upon this certificate unless brought within one year from date of the death or disability of the said member and not at all unless a board of arbitration of three members (one appointed by the board of directors, one appointed by the member's homestead and one appointed by these two) shall fail to settle same.".

The plaintiff contends that the arbitration clause is void. It is urged that the clause differs from the usual arbitration clause in that it submits the entire dispute to arbitration, instead of merely some question about which the parties are in dispute. In *Walker v. Insurance Co.,* 51 Kan. 725, 33 Pac. 597, it was said in the opinion:

"The general rule is that an agreement providing for the submission of the whole matter in controversy to arbitration, thereby attempting to oust the courts of their general jurisdiction, is void." (p. 730.)

The particular arbitration clause in question was before the supreme court of Iowa, in *Knapp v. Yeomen,* 139 Iowa, 136, and it was held not invalid as depriving the courts of jurisdiction. The same clause was later considered by the court of appeals of. Missouri, and held to be void. In the opinion it was said:

"The case does not fall within the distinction made by the Iowa court, *supra,* limiting the application of such a provision to questions of fact, but is unconditional both as to the facts and to the liability of the insurer, if it has any definite meaning. The language 'to settle the same,' that is to say, to dispose of the right of action before a suit can be maintained on the policy, is a condition that is invalid." (*Easter v. Brotherhood of American Yeomen,* 154 Mo. App. 456, 461.)

From the conclusions reached with reference to another feature of the case, it is deemed unnecessary to pass upon the question whether the arbitration clause should be held void in its entirety.

The trial court refused to submit to the jury the question of the failure to comply with the arbitration clause, on the theory that this defense had been waived by the association. In the reply it was alleged that before the suit was brought, the attorneys for the plaintiff wrote the defendant association stating they had been retained by Mrs. Lucas; that they understood the association had paid her $250, and that she was now claiming the balance due upon the certificate; that if the association was not willing to pay this balance, to please send to the attorneys the certificate or a copy thereof, as the exact contents of it were unknown to Mrs. Lucas and the attorneys. In answer thereto, the association wrote the attorneys, advising them that a compromise settlement had been made with Mrs. Lucas, and stating, "We have her accord and satisfaction with her signature to same, whereby she agrees

to accept the amount of $250 as settlement of same, and in so far as we know the settlement has been satisfactory to her." The plaintiff in her reply alleged that at the time the defendant sent this letter it had full knowledge of the facts in relation to the defenses pleaded by it in its answer, and that by sending the letter it waived, and intended plaintiff to understand that it waived, all defenses to the plaintiff's claim on the benefit certificate, except the defense of accord and satisfaction.

A number of courts have held that the whole doctrine of waiver of defenses by the insurer rests upon estoppel, and that some loss or injury to the other party must appear. (*Taylor-Baldwin Co. v. Insurance Co.*, 18 N. D. 343, and note to same case, 20 Ann. Cas. 438, 439.) Other courts recognize limitations to the general doctrine, and permit the assured to set up a defense that goes to the whole basis of liability, and some permit defenses to the merits to be set up where the failure to mention them was a mere inadvertence. This court is committed to the view that the principles of estoppel are not essential to a waiver in denying liability, but in stating the general rule has recognized, by implication at least, this limitation, that the insurer must have had knowledge of the other defense when the refusal to pay or the denial of liability was made. (*Insurance Co. v. Ferguson*, 78 Kan. 791, 98 Pac. 231.) There is no merit in the defendant's contention that arbitration was not waived because it was not referred to in the letter written by the attorneys of Mrs. Lucas to the association, nor in the latter's reply to their letter. It was not necessary for the plaintiff's attorneys to mention arbitration; they were requesting payment. The reason for holding that the defense of failure to arbitrate was not intended to be relied upon is, not merely that defendant did not mention arbitration in its letter, but that it placed its denial of liability solely upon the ground of accord and satisfaction. In its letter the defendant took the position that there was nothing to arbitrate; that there was no controversy; that the whole matter was ended by a compromise settlement and payment. The only recourse left to the plaintiff was to attack the validity of the settlement and, if successful, recover the balance claimed to be due upon the certificate. No matter what a board of arbitration might have decided upon the

question whether the settlement had been obtained by fraud or undue influence, neither party would have been bound thereby. The courts alone have jurisdiction to hear and determine that question. And this is true whether the arbitration clause is wholly void, as held by the Missouri court of appeals, *supra,* or only void in so far as it attempts to require the submission of the entire controversy in respect to liability to a board of arbitration. The plaintiff might have brought an action to set aside the compromise, but when the issues were finally settled by the filing of the reply, that is what the action amounted to. In her reply she admitted the execution of the release and the payment of $250, but alleged that the release had been obtained by fraud and undue influence and was therefore void; she amended her claim so as to give defendant credit for the payment, and asked judgment for the balance due upon the certificate. The trial court was right in sustaining the objection to the offer to prove the failure to arbitrate, and in holding as a matter of law that the defendant had waived that defense. It had likewise waived all defenses except that of accord and satisfaction; and while no complaint is made of the matter, the court should have refused to submit to the jury the defense that the assured obtained the policy by false representations as to the condition of his health. Proof with respect to his health at the time the certificate issued was proper to the extent that it bore upon the question of defendant's good or bad faith in its representations made to secure a settlement.

It is manifest from the whole record that it would have been a vain and useless thing for plaintiff to have demanded arbitration. The agents of the association had already stated to her that it would resist in the courts any efforts to collect; that the association was not indebted to her in any sum; and that the payment of $250 was to be given, not in satisfaction of any claim, but as a mere gift. The testimony of the defendant's officers at the trial showed that a request for an arbitration after the alleged settlement would have been useless.

The complaint that the court erred in refusing to sustain a motion to strike out portions of plaintiff's reply on the ground that it pleaded the evidence, is without merit. It was

necessary for plaintiff to set out the correspondence in order to show the facts which she claimed constituted the waiver. It would have been bad pleading for her to allege that the defendant had waived the failure to arbitrate, without pleading the facts.

The fact that the conversation between defendant's agents and plaintiff was carried on through her husband, who acted as an interpreter, did not make him her agent so as to bind her by his consent to the compromise.

The instructions requested by the defendant were properly refused. Some of them related to the issues of fraud and of duress, both of which were eliminated by the instructions given. Other requested instructions were contrary to the evidence. The instructions given fairly submitted the only issue for trial, and we do not think it can be said that they assumed that Vrooman and Taylor had made representations to plaintiff. The record shows no abuse of discretion in refusing to grant a continuance on the ground of an absent witness.

The judgment is affirmed.