No. 42,467

Larry Lindesmith, *Appellee* and *Cross-Appellant,* v. The Republic Mutual Fire Insurance Company, *Appellant* and *Cross-Appellee.*

(368 P. 2d 35)

Opinion filed January 20, 1962.

*Roy Kirby,* of Coffeyville, argued the cause, and *Clement H. Hall,* of Coffeyville, was with him on the briefs for the appellant and cross-appellee.

*A. R. Lamb,* of Coffeyville, argued the cause, and *Paul A. Lamb,* of Coffeyville, was with him on the briefs for the appellee and cross-appellant.

The opinion of the court was delivered by

Robb, J.: Appellant and cross-appellee here was defendant below in an action on a family combination automobile insurance policy No. ACF 9542 covering three automobiles for the period from April 6, 1959, to April 6, 1960, and the appeal is from the trial court's judgment in favor of appellee and cross-appellant in the amount of $1,800 based on the jury's verdict.

The cross appeal is from the trial court's judgment denying recovery of attorney fees by plaintiff from defendant under G. S. 1959 Supp., 40-256.

On April 6, 1959, defendant, a Kansas corporation, by and through its agent, S. B. North, of Coffeyville, Kansas, issued a family combination automobile insurance policy to Alva Lindesmith covering three automobiles. At the time of the issuance of the policy, plaintiff, son of Alva Lindesmith, was the sole operator of a 1951 Oldsmobile 98, four door sedan (indicated as car No. 3 in the policy) but according to a rider attached to the policy on July 25, 1959, the Oldsmobile was replaced by a 1953 Ford V-8 country sedan station wagon. On or about April 20, 1959, plaintiff purchased a $1,900 house trailer which information was given to his father with request that he have the trailer insured along with the 1953 Ford. On May 2, 1959, plaintiff's father told defendant's agent North about the trailer and in a letter dated the same day North wrote defendant's home office, in pertinent part, as follows:

"You mentioned that the 1953 Oldsmobile and the 1948 Chevrolet were properly rated but the *1951 Oldsmobile to be properly rated should be rated at Class 2A.* The assured has advised us that Lawrence Lindesmith, son, age 20, does construction work and goes from one place to another but spends some of the time here in Coffeyville. *He states that Lawrence has a trailer house and he inquired as to the fact if there is liability coverage on it as it is hauled by the 1951 Oldsmobile.*

"We would appreciate, if you would advise us on this matter and *also issue an endorsement* and whatever is needed to properly class these cars." (Our emphasis.)

At the time this request was sent in to the company an endorsement bearing the following title was already attached to the policy:

"Automobile Liability and Collision Insurance Rating Statements
"Private Passenger Automobiles Owned by Individuals
"(Combined Rating Statements)"

The body of this endorsement contained the following provision as to Class 2A but no "X" appeared before it indicating that provision had been included in the basis for rating the original policy:

"Statement for Liability Class 2A or 2AF Rating "The applicant states that:

·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·

"the owners or principal operators of the automobile under 25 years of age are male and are married."

Also attached to the original policy was another endorsement denominated "Family Combination" and bearing the title, "Amendment of definition of 'owned automobile'." This amended definition in part read:

" 'Owned Automobile' means

"(d) with respect to Part III, a trailer ownership of which is acquired by the named insured during the policy period, provided

"(2) the company insures all trailers owned by the named insured on the date of such acquisition and the named insured notifies the company within 30 days following such date. . . ."

Sometime after defendant received North's letter of May 2, 1959, a further endorsement was issued and attached to the family combination policy bearing the same number as did the original policy and the same effective date. The typed portion of that endorsement read as follows:

"In consideration of an additional Premium of $31.50, it is understood and agreed that Classification on Car 3 is amended to 2A."

The father paid the additional premium of $31.50 in accordance therewith and nothing more took place until the accident on December 14, 1959, wherein the trailer was rolled over and destroyed to the extent that it had a value of only $50.00.

Pursuant to stipulation, a pretrial conference was held on September 30, 1961. Three exhibits were admitted: copy of North's letter to defendant dated May 2, 1959, exhibit 1; copy of letter from the Kansas Claims Service to plaintiff's counsel dated January 29, 1960, in which physical damage coverage was denied, exhibit 2; and the original policy of insurance, exhibit 3. Certain endorsements were lacking on the policy but a few days later the entire policy was delivered to the trial court. On October 14, 1960, that court announced it was holding as a matter of law that under the policy plaintiff was insured against loss by collision and that a jury would have to determine whether the trailer was damaged or destroyed by collision and the extent thereof. The case was later submitted to a jury in accordance with that determination.

Defendant moved the court for a directed verdict in favor of defendant, which motion was by the trial court overruled. Defendant then requested five instructions which were not given. In view of its decision on the pretrial conference that under the policy plaintiff was insured against loss by collision, the court properly instructed the jury and the jury returned a verdict for plaintiff in the amount of $1,800 which verdict was approved by the trial court and judgment rendered accordingly.

Defendant timely filed its appeal from the judgment and orders

of the trial court. The primary and controlling question before us is whether the trailer was covered by this family combination automobile policy considering the particular endorsements that were attached thereto and the circumstances under which they were attached. Appellant cites good authority in support of its contentions but careful reading of those cases shows they do not cover the situation or the type of policy we presently have before us. We think the matter was very well discussed in *Harrison v. Farmers & Bankers Life Ins. Co.*, 163 Kan. 277, 181 P. 2d 520, 171 A. L. R. 751, where a typewritten rider, or endorsement, on a life insurance policy was held to prevail over the printed provisions of the policy. While in the Harrison case the rider, or endorsement, precluded the beneficiary from receiving a lump sum payment of the proceeds from the policy, and it was so held by this court, nevertheless the general rule was there applied that a rider, or endorsement, prevails over irreconcilable printed provisions of an insurance policy. From the very nature of the heading of our present family combination automobile policy, which heading was repeated in the subsequent transactions between the insured and the insurer, it cannot be said that plaintiff's father, or perhaps his mother if she lived with his father, were the only ones insured under the policy. In other words, the father, mother, and the two sons were all insured because the evidence and the record pointed to the fact there were three cars covered, and only one car was actually owned by the father although he had the registered title to all three cars.

Other reasons are argued as to why Larry is a proper party plaintiff but in view of all that has been stated herein, we conclude that under this family combination automobile insurance policy Larry, as an insured thereunder, was a proper party because of the endorsements attached to the policy, which must prevail over the printed provisions of the original policy form, and the circumstances set out herein. We are, therefore, left with no other alternative than to conclude the trial court did not err in holding as a matter of law that the policy covered the house trailer.

In regard to the cross appeal, we have considered plaintiff's request for allowance of attorney fees, as provided in G. S. 1959 Supp., 40-256, and hold that the trial court did not err in refusing to allow such attorney fees for the reason it does not appear from the evidence that defendant refused without just cause or excuse to pay the full amount of the loss.

Judgment affirmed.