No. 45,691

BETTY JEAN IBARRA CASEY and DENICE IBARRA, a minor, *Appellees,*
v. THE AETNA CASUALTY AND SURETY COMPANY, *Appellant.*

(470 P. 2d 821)

496

Opinion filed June 13, 1970.

*Charles O. Thomas,* of Weeks, Thomas, Lysaught, Bingham and Johnston, of Kansas City, argued the cause, and *Leonard O. Thomas,* of the same firm, was with him on the brief for the appellant.

*Robert L. Boyce, Jr.,* of Boyce and Washburn, of Kansas City, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

SCHROEDER, J: This is a suit against an insurance company to recover medical bills under the medical payments coverage of an automobile insurance policy.

The controlling question on appeal is whether the "other insurance" provision of the insurance policy is ambiguous and subject to construction in the insured's favor.

On the 13th day of October, 1967, an automobile being driven by Craig Wignall and owned by James Wignall was involved in a collision. Denice Ibarra (plaintiff-appellee), age 14 and the daugh-

ter of Betty Jean Ibarra Casey (plaintiff-appellee), was a passenger in the Wignall vehicle at the time of the collision, and thereafter she and her mother incurred over $1,000 in medical expenses for the treatment of injuries sustained by Denice in the collision.

At the time of the collision the Wignall vehicle was insured by a policy of insurance with the State Farm Insurance Company, which provided for medical payments coverage to passengers of that vehicle. Subsequently the Ibarras presented a claim to the State Farm Insurance Company for the medical expenses incurred as a result of the collision, and the claim was paid in full by State Farm.

On the day of the collision Betty Jean Ibarra Casey was the named insured in an automobile policy of insurance with the Aetna Casualty and Surety Company (defendant-appellant). The described vehicle in that policy was a Buick LeSabre automobile owned by Betty Jean Ibarra Casey. Neither Denice Ibarra, the minor, nor Mrs. Casey, her mother, carried any other automobile insurance. The Aetna automobile policy provided for medical expense payments for bodily injury sustained by the named insured or a relative while occupying a non-owned automobile incurred within one year from the date of the accident up to the sum of $1,000. Under the provisions of the policy relating to persons insured, and medical expense coverage, a relative is an insured.

The "other insurance" provision of the Aetna policy here in controversy provides:

"Other Insurance
"Liability and Medical Expense Coverages
"[1] *If the Insured has* other insurance against a loss to which the Liability Coverage applies or *other automobile insurance affording benefits for medical expenses* against a loss to which the Medical Expense Coverage applies, Aetna Casualty shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss; [2] *provided,* however, *the insurance with respect to a* temporary substitute or *non-owned automobile shall be excess insurance over any other valid and collectible insurance and* [3] *if the Insured has other excess or contingent insurance* applicable to loss arising out of the use of a temporary substitute or non-owned automobile, Aetna Casualty shall not be liable under this policy for a greater proportion of such loss than the amount which would have been payable under this policy, had no such other insurance existed, bears to the sum of said amount and the amounts which would have been payable under each other policy applicable to such loss, had each such policy been the only policy so applicable." (Emphasis added.)

The numbers in brackets in the foregoing provisions of the policy have been added for clarification and to facilitate further discussion of these provisions.

Denice Ibarra and her mother submitted a medical expense claim under the Aetna policy to the Aetna Casualty and Surety Company for the same medical expenses the State Farm Insurance Company paid. It should be noted, however, the plaintiffs first submitted their claim for medical bills to Aetna, but Aetna denied the claim on the ground the Wignall vehicle was a non-owned automobile as defined in the Aetna policy, and that since the Wignall vehicle had medical expense coverage the Aetna policy was excess insurance. In its letter Aetna contended State Farm's coverage was primary, and it returned the medical bills sent to it by the plaintiffs.

Thereafter, on the 23rd day of January, 1968, the plaintiffs filed their suit against Aetna praying for judgment against Aetna in the sum of $1,000 plus costs and reasonable attorney fees. A list of the medical bills in the amount of $1,032.55 was attached to the petition as an exhibit.

After issues were joined by the pleadings and discovery was completed, the matter was submitted to the trial court on motions for summary judgment filed by the respective parties. The trial court considered the case on the pleadings, the admissions of record, suggestions and argument of counsel.

Subsequently, after various motions and delaying tactics, the trial court entered judgment for the plaintiffs against Aetna in the sum of $1,000 and costs. It also awarded the plaintiffs $250 as and for attorney fees pursuant to K. S. A. 40-256.

Appeal has been duly perfected by Aetna presenting the points hereafter discussed.

Was the Aetna medical expense coverage excess insurance over the State Farm insurance coverage?

The appellant argues the appellees are attempting to effect a double recovery for their "alleged" medical expense arising from the collision of October 13, 1967.

It is a generally accepted rule that insurance policies are to be construed in favor of the insured and against the insurance company. This rule, however, is to be invoked only where there exists rational grounds for construction of the policy. That is, the contract must contain provisions or language of doubtful, ambiguous or conflicting

meaning, as gathered from a natural interpretation of its language. (*Ferguson v. Phoenix Assurance Co.*, 189 Kan. 459, 370 P. 2d 379, 99 A. L. R. 2d 118; and *Lavin v. State Farm Mutual Automobile Ins. Co.*, 193 Kan. 22, 391 P. 2d 992.)

Ambiguity in a written instrument does not appear until the application of pertinent rules of interpretation to the face of the instrument leaves it genuinely uncertain which one of two or more meanings is the proper meaning. (*Simonich, Executrix v. Wilt*, 197 Kan. 417, 423, 417 P. 2d 139.)

If the language when given its everyday commonly accepted meaning is clear and specific in presenting the subject matter at hand, the objective to be accomplished, the burdens assumed, and the benefits to be enjoyed or received, then the terms of the insurance policy cannot be said to be doubtful of meaning or conflicting in terms. Under these circumstances, courts are not at liberty to indulge in a construction that would give an unnatural meaning to the language in order to accomplish results that could not be shown to have been in the minds of the parties. (*Ferguson v. Phoenix Assurance Co.*, supra.)

In determining the intention of the parties under the above rule, the test is not what the insurer intends the words of the policy to mean, but what a reasonable person in the position of the insured would have understood them to mean. (*Braly v. Commercial Casualty Ins. Co.*, 170 Kan. 531, 227 P. 2d 571; *Jenkins v. United States Fire Ins. Co.*, 185 Kan. 665, 347 P. 2d 417; and *Kansas Farm Bureau Ins. Co. v. Cool*, 205 Kan. 567, 471 P. 2d 352.)

The appellant's defense in this action is that "other insurance" coverage was available, or applicable—that of State Farm on the non-owned automobile. It contends clause [2] of the "other insurance" provision here in question is clear and unambiguous in that it specifically provides that the insurance with respect to a non-owned automobile shall be excess insurance over any other valid and collectible insurance.

But the wording of the policy here, commencing with clause [1] is: "If the Insured has . . . other automobile insurance affording benefits for medical expenses." This language, on its face, applies to the appellees only if either had other automobile insurance policies. Denice was a minor and had no automobile policy of any kind. She was insured only because she was a relative of the named insured, Mrs. Casey, who had no other policies of automobile insurance.

The phrase, "If the Insured has other insurance," has been construed to mean other insurance purchased by the insured. (*Bituminous Cas. Corp. v. Travelers Ins. Co.*, 122 F. Supp. 197, Syl. ¶ 5 [D. Minn. 1954].) We think this is the proper interpretation of the language in clause [1]. Since neither Mrs. Casey nor Denice "had" other insurance, this provision of the policy does not apply. When the various clauses of the "other insurance" provision of the policy are considered, it can logically be argued clause [2] is a proviso which is a part of, modifies and is dependent upon the preceding provision, clause [1]. Thus, if clause [1] is not applicable to the facts here presented, clause [2] is not applicable.

Further still, the proviso in clause [2] links the excess condition by the word "and" without punctuation to clause [3] again providing, "if the Insured *has* other excess or contingent insurance applicable." (Emphasis added.)

A possible interpretation of the proviso (clause [2]) is that the policy in question affords excess coverage only as to non-owned automobiles if the insured *has* other excess automobile insurance, and then only pro rata.

When the foregoing interpretation of the "other insurance" provisions in question is viewed in the light of the appellant's contention as to its meaning, also possible, it must be said the policy on the point in question is ambiguous, uncertain and open to queston. A layman would interpret the word *"has"* to mean that he has purchased or carries insurance issued to him. This is what lawyers mean when they ask, "Does your driver have insurance?"

The appellant relies upon three cases from other jurisdictions which have "other insurance" provisions similar to the Aetna policy herein. These cases are: *Burns, Aplnt. v. Employers' L. A. Corp., Ltd.*, 205 Pa. Super. 389, 209 A. 2d 27 (1965); *Harkavy v. Phoenix Ins. Co.*, 220 Tenn. 327, 417 S. W. 2d 542 (1967); and *Vallaire v. Employers Liability Assurance Corp.*, 177 So. 2d 391 (La. 1965).

In each of these cases the "proviso" clause of the "other insurance" provision is for all practical purposes identical to clause [2] of the Aetna policy here in question, and the courts in each of these cases held the insurance of the respective companies issuing such policy to be excess insurance.

In each of these cases, however, the issue was not identical to that here presented. In the *Burns* and *Harkavy* cases the real dispute centered around the term "valid and collectible insurance."

But there is another distinction which is more basic. The initial clause in each of the policies in these cases read, "If there is other automobile medical payments insurance." The policies did not read as clause [1] of the Aetna policy—"If the Insured *has* . . . other automobile insurance affording benefits." (Emphasis added.) This is the important distinguishing characteristic of these cases, and we do not consider them applicable here.

When there is as much trouble interpreting an insurance policy as we have here, it is difficult to say it is free from ambiguity. Policies written and sold to the public should not require the services of an expert in semantics to determine coverage. (*Mallinger v. State Farm Mut. Auto. Ins. Co.*, 253 Iowa 222, 111 N. W. 2d 647 [1961].)

Under the foregoing rules of law the ambiguity in the Aetna insurance policy respecting the "other insurance" provisions on medical expense coverage must be resolved by construing it in favor of the insured and against the insurance company. Under these circumstances the Aetna medical expense coverage is not excess insurance over the State Farm insurance coverage, and the appellees are entitled to recover their medical expenses up to the limit of $1,000 provided in the Aetna policy from Aetna.

The appellant contends the damages alleged by the appellees were neither proved nor stipulated, and the validity of service upon the appellant was not ruled upon by the trial court.

In the journal entry of judgment the trial court found it had jurisdiction of the parties and the subject matter. The appellant raised the matter of service in its letter of October 8, 1968, requesting a rehearing. Pursuant thereto the court held another hearing on October 25, 1968, at which the question was argued, and the trial court in announcing its decision by letter of November 18, 1968, to counsel said the enclosed journal entry was based upon motions for summary judgment, motion for rehearing, and motion to settle journal.

On the state of the record here presented, the appellant has not made it affirmatively appear the trial court erred in finding that it had jurisdiction of the parties and the subject matter.

The appellant filed its motion in the trial court for summary judgment first. Then the appellees filed their motion for summary judgment. As the record then stood, the petition indicated the amount of medical bills was in excess of $1,000, and a list of the

medical bills was attached and incorporated by reference. The appellees admitted in their answers to requests for admissions that the medical bills attached to the petition were the same bills submitted to State Farm and paid by it. They were the same bills previously submitted to the appellant which it returned to the appellees. We see no merit in the appellant's contention that the appellee's damages were neither proved nor stipulated. This was not a controverted issue in the trial court, and on the record here presented the appellant must be deemed to have admitted the validity of the medical expenditures.

The appellant contends that if its coverage is primary, it should be prorated with State Farm Insurance Company.

The trial court in its conclusions of law held the policy of Aetna to be primary, not excess. We deem this conclusion of the trial court to be immaterial to the judgment entered on behalf of the appellees, and on the facts in this case find it unnecessary to delve into this question. (See, *Jones v. Morrison*, 284 F. Supp. 1016 [W. D. Ark, 1968].)

The trial court held that the appellant had waived its pro rata defense because it was not an issue raised by the pleadings, nor was it argued by the appellant until after the trial court had announced its decision. Before the trial court had ruled on the appellant's motion for summary judgment, the appellant had consistently argued that State Farm Insurance Company's policy was primary. It argued this defense solely and at length in its brief in support of its motion for summary judgment and at the first hearing of the matter. Only after the trial court ruled against the appellant on this matter did it assert the pro rata defense. Under the circumstances the appellant is deemed to have waived this defense, and the trial court properly so held. (*Insurance Co. v. Ferguson*, 78 Kan. 791, 98 Pac. 231; *Lucas v. American Yeomen*, 105 Kan. 700, 185 Pac. 901; and *Svetlicic v. Farmers Alliance Ins. Co.*, 136 Kan. 551, 16 P. 2d 956.)

Did the appellant have just cause and excuse for not paying the appellees' claim?

The appellees contend under K. S. A. 40-256, providing for the allowance of attorney fees where the insurance company refuses to pay without just cause or excuse, a review of the cases shows that where the court below has awarded fees, the Supreme Court has sustained it, and where the court below has not awarded attorney fees, the Supreme Court has upheld such decision.

By this process of reasoning the appellees arrive at an erroneous conclusion. (See, *Wolf v. Mutual Benefit Health & Accident Association*, 188 Kan. 694, 366 P. 2d 219; *Barnes v. Mid-Continent Casualty Co.*, 192 Kan. 401, 388 P. 2d 642; and *Buchanan v. Employers Mutual Liability Ins. Co.*, 201 Kan. 666, 443 P. 2d 681.)

In *Lindesmith v. Republic Mutual Fire Ins. Co.*, 189 Kan. 201, 368 P. 2d 35, a judgment was rendered against the insurer on the question of coverage and was held not sufficient, in and of itself, to justify a ruling that the insurance company did not have "just cause or excuse" to deny the insured's claim.

The law on this point is clarified in *Koch, Administratrix v. Prudential Ins. Co.*, 205 Kan. 561, 470 P. 2d 756, wherein it is said:

". . . And whether there was any reasonable ground for contesting the claim depends upon circumstances existing when payment is withheld or liability is declined. It is not necessarily determined by the outcome of the ensuing litigation. . . . The statutory penalty is not to be imposed merely for the reason that it turned out at the trial in the district court, there was, in reality, no reason for denial of liability. . . ." (p. 565.)

Under the provision of Aetna's insurance policy it was questionable whether Aetna was liable to the appellees in this case for medical expenses of the appellees which had previously been paid by the State Farm Insurance Company. Under these circumstances Aetna in good faith was justified in litigating the question of law presented although unsuccessful in its effort. It cannot therefore be said the claim of the appellees was denied without just cause or excuse. Accordingly, the trial court erred in awarding attorney fees to the appellees in the sum of $250 as a part of the judgment against Aetna.

The judgment of the lower court awarding damages to the appellees in the amount of $1,000 for medical expenses is affirmed, but the judgment awarding attorney fees is reversed.

FROMME, J., not participating.