2000 OK CIV APP 99

Larry ESTES and Kathy Estes, individually and as parents and next friends of Travis Estes, a minor, Plaintiffs/Appellants,

v.

AMERICAN FIDELITY INSURANCE COMPANY, a/k/a Mercury Insurance Group, Defendant/Appellee.

No. 94,718.

Court of Civil Appeals of Oklahoma, Division No. 3.

July 14, 2000.

Kent R. McGuire, Derek S. Parks, Oklahoma City, Oklahoma, for Appellants.

Tim D. Cain, Don R. Martin, Oklahoma City, Oklahoma, for Appellee.

CAROL M. HANSEN, Vice-Chief Judge:

¶1 In 1993, Plaintiff Travis Estes was a passenger in a car owned and driven by Nancy Weddle, when the car was involved in an accident caused by a third party (tortfeasor). Weddle's car was insured under a policy from Farmers Insurance Company (Farmers), providing medical payment benefits of $5,000.00. Plaintiffs, Larry and Kathy Estes, Travis's parents, made a claim against the Farmers' policy for his medical bills in the amount of $1,029.62, which Farmers paid in its entirety.

¶2 Subsequently, Farmers recovered the entire amount it had paid in medical payments benefits out of settlement amounts Plaintiff received from the tortfeasor, pursuant to its subrogation interest against the tortfeasor.

¶3 Thereafter, Plaintiffs made a claim with their insurer, Defendant, American Fidelity Insurance Company, a/k/a Mercury Insurance Group, for reimbursement of Travis's medical bills under the medical payments coverage of the policy. Defendant denied payment informing Plaintiffs that under the Other Insurance clause of the Medical Payments Coverage portion of the policy, coverage regarding non-owned vehicles is only excess over other "collectible" auto insurance providing payments for medical expenses.[1]

¶4 Plaintiffs filed a lawsuit against Defendant for breach of contract and breach of its duty to act in good faith. The trial court granted partial summary judgment on Defendant's motion for summary judgment. Plaintiffs agreed not to proceed with their bad faith claim given the trial court's ruling on the coverage issue. As a result, pursuant to its ruling on the coverage issue and the parties' agreement on the bad faith claim, the trial court dismissed the matter. Plaintiffs appeal.

¶5 In their petition in error, Plaintiffs contend Defendant's denial of coverage is in violation of 36 O.S.1991 § 6092 which provides that no automobile liability policy provision is valid which grants an insurer the right of subrogation for payment of benefits under the expenses for medical services coverage portion of the policy to a named insured.[2] Plaintiffs argue the Other Insurance clause allows Defendant to improperly set off and subrogate Plaintiffs' claim for medical expenses in violation of § 6092. Plaintiffs further argue that while the Other Insurance clause of the policy does not expressly permit subrogation or setoff, the Defendant's claim denial has the same effect as subrogation. They complain the clause allows Defendant to set off its contractual obligation to Plaintiffs by substituting the Farmer's coverage for Defendant's medical payments coverage.

¶6 We disagree. The subject provision in Plaintiff's policy with Defendant is an "excess clause." Section 6092 deals only with subrogation clauses. In *Aetna Casualty and Surety Co. v. State Board for Property and Casualty Rates*, 1981 OK 153, 637 P.2d 1251, the Supreme Court stated, that "... if set-off were allowed against the named insured/resident relative, the policy reason behind the statute, [§ 6092] the limitation of subrogation and set-off -would be negated." Moreover, case law reveals a policy decision to limit subrogation and set-off, on the theory that such clauses were the insurer's indirect attempt to become the assignee of a tort cause of action, something the insurer could not do directly as a real party in interest.

¶7 However, the *Aetna* Court held that although the Legislative intent to prohibit set-off as to the named insured can be ascer-

1. The "Other Insurance" or "excess clause" provision of Defendant's policy specifically provides: "If there is other applicable auto medical payments insurance, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses."

2. Section 6092 also provides that such policy may provide for insurer's "rights of subrogation and setoff" upon such payments to any person who is not a named insured.

tained from a reading of § 6092 as a whole, "a legislative intent to prohibit excess clauses ... is nowhere apparent.... An excess clause will not have the effect of taking credit for recoveries made by the injured party from a third party tortfeasor; *it is excess only as to other available medical payments coverages provided by insurance companies.*" *Aetna Casualty and Surety Co. v. State Board for Property and Casualty Rates, supra.* "Accident and health policies often contain excess coverage provisions to prevent the insured from profiting from an illness or injury by collecting benefits more than once." *Christian v. Metropolitan Life Ins. Co.,* 1977 OK 132, 566 P.2d 445. Section 6092 cannot be construed to prohibit excess clauses in medical payment provisions. As a result, the excess clause in the subject policy is not violative of § 6092.

¶ 8 Plaintiffs also contend that because Farmers exercised its subrogation rights, the Farmers' policy is not "collectible" under the terms of the excess clause in Defendant's policy. However, they have not supported their contention with citation of any authority. An argument in a brief which is unsupported by citation or authority is not sufficient to overcome the presumption in favor of the correctness of a trial court's decision and will not be considered. *Vaughn v. Texaco, Inc.,* 631 P.2d 1334 (Okla.App. 1981).

¶ 9 Finally, Plaintiffs argue the excess insurance clause is ambiguous and must be construed in their favor, thus affording coverage under the policy. In support of their argument, Plaintiffs cite *Casey v. Aetna Casualty and Surety Co.,* 205 Kan. 495, 470 P.2d 821 (Kan.1970), wherein that court found an excess clause ("if the insured has other insurance....Aetna Casualty shall not be liable.") to be ambiguous. However, the excess clause in the *Casey* case and the one in the instant case are not similar and cannot be compared. Moreover, Plaintiffs do not explain how resolution of the alleged ambiguity in their favor would result in a construction allowing coverage under the excess clause. There is no ambiguity of the excess clause.

¶ 10 AFFIRMED.

¶ 11 ADAMS, J., and JOPLIN, J., concur.