# CIRCUIT COURT OF FAIRFAX COUNTY

Anna Ditkoff et al.

v.

Joanna K. Larson

August 1, 1994

Case No. (Law) 127396

By Judge Gerald Bruce Lee

This matter is before the Court on Joanna K. Larson's (Defendant) Motion to Modify the Final Order and Reduce the Amount of the Judgment. During the trial, the Court admitted Anna Ditkoff's (Plaintiff) medical bills into evidence over Counsel for Defendant's objection that the medical bills were paid previously by Defendant's father's automobile insurance policy. After the Court's ruling, Defendant moved the Court to grant a credit of $18,915.88 for medical bills paid by the Defendant's father's insurance company under medical payments coverage against the jury verdict. The Court reserved ruling until the jury's verdict was returned. The issue presented is whether Plaintiff's medical bills, paid under the medical payments coverage of automobile insurance, may be credited by Defendant or her father's insurer against the jury's verdict. Having considered the oral argument and memoranda of counsel, the Court holds that the Defendant is not entitled to a credit for payment of plaintiff's medical bills under the medical payments coverage of her automobile insurance policy.

On August 15, 1992, Plaintiff was a passenger in a car operated by Defendant. Plaintiff and Defendant were going to a rock concert. While driving Defendant's younger sister began to reach over the seat to turn the volume up on the car radio. Defendant yelled at her sister to "stop and sit down." Defendant's sister continued. Defendant turned to look in the back seat. Defendant slapped her sister's hand and tried to push her back. When Defendant turned around to look at the road, she realized she was on the

wrong side of the road and a car was coming. Defendant braked, turned, and the car hit the guardrail. The car crashed into the guardrail and rolled over. At the conclusion of the evidence, the Court granted plaintiff's motion for judgment as to liability and submitted the issue of damages to the jury.

Plaintiff was injured as a result of Defendant's failure to keep a proper lookout. Defendant was insured under her father's automobile policy with USAA. The automobile policy had medical payments coverage and liability coverage.[1] Plaintiff made a claim under the Defendant's medical payments coverage by submitting her medical bills, totalling $18,915.88, to USAA. USAA paid the Plaintiff's medical bills under the medical payments coverage. At trial, Plaintiff introduced the paid medical bills as evidence of her damages. Defendant objected to this evidence on the grounds that the plaintiff was not damaged because the bills were paid at the time of trial.

Defendant asserts that she is entitled to credit for payments made under her father's automobile insurance policy because these payments were made on her behalf as a tortfeasor. Defendant argues that the payments do not fall within the collateral source rule,[2] and therefore, she is entitled to a credit against the verdict for the medical bills paid by her father's insurance carrier.

Plaintiff responds with three arguments. First, Plaintiff asserts that the medical bills were properly admitted into evidence because the bills show the jury the nature and cost of treatment of her injuries, which are factors in measuring her claim for compensatory damages. Second, Plaintiff argues that she and Defendant were third-party beneficiaries under Defen-

---

[1] Virginia Code Ann. § 38.2-124(A)(1) (Michie 1990 Repl. Vol. and 1993 Supp.) states that motor vehicle insurance (liability coverage) covers the legal liability of the insured. Virginia Code Ann. § 38.2-124(B)(1) (Michie 1990 Repl. Vol. and 1993 Supp.) states that motor vehicle insurance may include provisions obligating the insurer to pay medical expenses arising out of the injury or death of any person (medical payments coverage). This section obligates the insurer to make payment of the medical expenses regardless of any legal liability of the insured or any other person.

[2] The collateral source rule is *not* applicable to these facts. The collateral source rule precludes the admittance of evidence that the plaintiff has been compensated by a person other than a joint tortfeasor for all or part of the loss. *See, Schickling v. Aspinall*, 235 Va. 472 (1988). The Court and both counsel agreed that this question is not controlled by the collateral source rule because the bills were paid by the Defendant's representative. The policy underlying the collateral source rule regarding double recovery and windfall were considered in the Court's analysis.

dant's father's medical payments coverage. Third, Plaintiff contends the Virginia Code's anti-subrogation statute states a public policy against subrogation under medical payments coverage.

The Court in determining this issue must focus on the nature of each payment made by Defendant's father's insurance company. *See, Karsten v. Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc.*, 808 F. Supp. 1253 (E.D. Va. 1992). The Court should also determine whether the medical payment coverage clause in the insurance policy constitutes separate accident insurance coverage. *See, Johnson v. New Jersey Mfrs. Ind. Ins. Co.*, 69 N.J. Super. 184, 174 A.2d 4 (1961).

Here, Defendant's father paid a premium for medical payments coverage and a premium for liability coverage. Under Defendant's father's automobile policy, Plaintiff and Defendant were third-party beneficiaries under the medical payments coverage. Therefore, as a third-party beneficiary, Plaintiff's medical bills were paid pursuant to the medical payments coverage.

Upon a showing of Defendant's negligence, USAA was obligated under the liability coverage to compensate Plaintiff for medical expenses as a part of her compensatory damages.

The General Assembly has also provided guidance in enacting an anti-subrogation statute. Virginia Code Ann. § 38.2-3405(A) provides:

> No insurance contract providing hospital, medical, surgical, and similar or related benefits, and no subscription contract or health services plan delivered or issued for delivery or providing for payments of benefits to or on behalf of persons residing in or employed in this Commonwealth shall contain any provision providing subrogation of any person's right to recovery for personal injuries from a third person.

Permitting Defendant or USAA to a credit on the jury's verdict, for medical payments made under the medical payments coverage, would in effect provide a subrogation right for insurance companies. This result would be contrary to the General Assembly's intent. The Court holds that Defendant or USAA is not entitled to credit against jury's verdict for amounts already disbursed to Plaintiff under the medical payments coverage.

Accordingly, Defendant's Motion to Modify the Final Order is denied.