LENA GOLDSTOCK, Individually and as Executrix, etc., of HYMAN GOLDSTOCK, Deceased, Respondent, *v.* FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellant.

Third Department, July 6, 1922.

Insurance — burglary insurance — policy against loss from premises actually occupied by assured — provision that policy should cover property belonging to assured or to relative permanently residing with him construed not to render insurer liable for loss of articles belonging to widow of assured and stolen after his death.

Under a policy of burglary insurance indemnifying the assured for loss occasioned by the felonious abstraction of property from the building " actually occupied by the assured " and also providing that " The company shall not be liable for any loss or damage: (1) unless the property belong (a) to the assured, or (b) to any relative of the assured permanently residing with the assured," the company is only liable for such articles as were in the possession of the members of the household of the assured while he was alive and occupied the specified premises, and, therefore, a complaint in an action on the policy by the widow of the assured to recover for the loss of articles belonging to her, personally, and stolen after the death of the assured should be dismissed.

APPEAL by the defendant, Fidelity and Deposit Company of Maryland, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Schenectady on the 30th day of November, 1921, upon the verdict of a jury, and also from an order made on the 28th day of November, 1921, denying defendant's motion for a new trial made upon the minutes.

*Wallace P. Harvey* [*John D. Miller* of counsel; *Miller & Golden* with him on the brief], for the appellant.

*Samuel Levy,* for the respondent.

H. T. KELLOGG, J.:

The defendant issued a policy of burglary insurance on April 6, 1919, to one Hyman Goldstock. It thereby agreed to indemnify the " person, firm, or corporation named in Statement 1 of the schedule and herein called the assured " for the loss of any of the property of the assured described in the said schedule which was " occasioned by its felonious abstraction from the interior of the house, building, apartment or rooms actually occupied by the

assured, also described in the said schedule and hereinafter called the premises." The person named in Statement 1 as the assured was " Hyman Goldstock." The property described in the schedule was, among other things, jewelry and moneys located at the residence of the assured at 324 Summit avenue, Schenectady, N. Y. The policy further provided as follows: " The company shall not be liable for any loss or damage: (1) unless the property belong (a) to the assured, or (b) to any relative of the assured permanently residing with the assured." The policy was renewed in April, 1920, for the period of one year. Thereafter on July 2, 1920, Hyman Goldstock died, leaving a widow, Lena Goldstock, who continued to reside at 324 Summit avenue, Schenectady, N. Y. On August 23, 1920, certain jewelry and moneys were abstracted from the drawer of a bureau placed in a bedroom at 324 Summit avenue, then occupied by Lena Goldstock. This action was thereafter brought by Lena Goldstock individually, as well as in her capacity as the executrix of the last will of Hyman Goldstock, to recover upon the policy of insurance issued to her husband, the value of the articles and moneys which had been abstracted. On the trial of the action the undisputed proof established that Lena Goldstock was individually the owner of such articles and moneys. The question in the case, therefore, is whether or not the policy covered, or continued to cover, her property at a time after the death of her husband. We think that the language of the policy and the nature of the contract justify the conclusion that the defendant intended to insure only such articles as were in the possession of members of the household of Hyman Goldstock while he was alive and occupied the house at 324 Summit avenue. Lena Goldstock, under the terms of the policy, was insured against loss only during the time when she answered the description of a " relative of the assured permanently residing with the assured." We do not think that after the death of her husband she continued to be such a relative. Moreover, the felonious abstraction insured against was abstraction only from a building " actually occupied by the assured." There was no such abstraction in this case.

The judgment and order should be reversed, with costs, and the complaint dismissed.

All concur.

Judgment and order reversed and complaint dismissed, with costs.