HERMAN BALZER, Respondent, v. GLOBE INDEMNITY COMPANY, Appellant.

First Department, November 28, 1924.

Insurance — burglary insurance — action on policy containing coinsurance clause and provision covering property of any permanent member of household who does not pay board or rent and of relative of insured permanently residing with him — son of insured held policy in another company containing same provision — son was member of household — claim arises out of theft of jewelry belonging to wife of insured — proofs of loss filed on each policy referred to other policy — error to exclude son's policy and proof of loss thereon — son's policy covered loss — plaintiff can recover only pro rata.

In an action to recover on a policy of burglary insurance based on the theft of jewelry belonging to the wife of the insured, in which it appears that the policy contains a coinsurance clause and a provision that the indemnity provided by the policy shall apply to all property owned by the insured or any permanent member of the household of the insured who does not pay board or rent, or by a relative of the insured permanently residing with him, and that a son of the insured who resided with him had a policy in another company which contained the same provision, it was error to exclude from evidence the son's policy and the proof of loss filed thereon, since it appears that the proof of loss filed on each policy referred to the other under the question relating to additional insurance.

The son's policy covered the property of his mother, since she was a permanent member of the same household, living in the same house, and not a mere visitor therein, and, therefore, the plaintiff can recover from the defendant only the pro rata share of the loss,

APPEAL by the defendant, Globe Indemnity Company, from a determination and order of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 1st day of November, 1923, affirming a judgment of the City Court of the City of New York in favor of the plaintiff.

*F. A. W. Ireland,* for the appellant.

*Alvin C. Cass* [*Sidney J. Loeb* of counsel; *Leon M. Prince* with him on the brief], for the respondent.

McAVOY, J.:

The controversy arises on the question whether or not a policy of insurance issued by the National Surety Company to Irving Balzer, the plaintiff's son, covers the loss which is the basis of this action.

The Globe Indemnity Company, the defendant, had issued to the plaintiff its policy of insurance to indemnify him in case of loss by burglary or larceny of property from his residence, No. 820 Riverside Drive, New York. This action seeks to recover the sum of $800, said to be the value of certain jewels alleged to have been stolen. The appellant admits the value of the jewels and their loss by theft within the meaning of the policy of insurance issued by the appellant.

It is claimed by plaintiff that the appellant is liable for the full amount of the loss. The appellant's contention is that its liability is limited to one-fourth of the amount of the loss because of this condition contained in its policy: " Nor shall the assured recover under this policy a larger proportion of any loss or damage to property  *  *  *  than the amount applicable thereto under this policy bears to the total amount of all valid and collectible insurance covering such loss or damage."

The defendant company's policy provides that " the indemnity provided by this policy shall apply to all such property owned by the assured or by any permanent member of the household of the assured who does not pay board or rent, or by a relative of the assured permanently residing with him."

The National Surety Company's policy issued to Irving Balzer, plaintiff's son, contains a clause providing: " It is agreed  that the insurance provided by this policy shall apply to all such property owned by the assured or by any permanent member of the household of the assured who does not pay board or rent, or by a relative of the assured permanently residing with him."

The owner of the stolen property was Gussie Balzer, the wife of Herman Balzer named as the assured in the policy of the Globe Indemnity Company, and the mother of Irving Balzer named as the assured in the policy of the National Surety Company. Irving Balzer and his father and mother resided at No. 820 Riverside Drive and the policy of the National Surety Company applies to property at that address. Thus, if the property of Gussie Balzer was insured under both policies, the total amount of insurance

under the policy of the Globe Indemnity Company being $1,000, and that under the policy of the National Surety Company being $3,000, the liability of the Globe Company would be limited to the proportion which the total amount of its policy, $1,000, bears to the total amount of insurance applicable to the loss, $4,000, to wit, one-quarter of the loss.

In the proof of loss filed with the defendant company the plaintiff stated that the total amount of insurance held by him at the time of the loss, excluding the policy of the defendant, was in the National Surety Company in the name of Irving Balzer, under a policy in the amount of $3,000.

In each of the proofs of loss filed with the respective companies the stolen property is described as a diamond brooch, property of Gussie Balzer, the wife of Herman Balzer and mother of Irving Balzer. It is undisputed that both proofs of loss refer to the same article. The proof of loss filed by Irving Balzer with the National Surety Company stated that the total amount of insurance held by the assured, excluding the policy of the National Surety Company, was in the Globe Indemnity Company in the name of Herman Balzer, under a policy in the sum of $1,000.

We think the learned trial court erred in excluding from evidence the policy of insurance issued to Irving Balzer by the National Surety Company and the proof of loss filed by Irving Balzer with that company, because these documents would have proven the coverage of the property in question by other insurance.

The policy of the National Surety Company applies to property owned (1) by the assured; (2) by any permanent member of the household of the assured who does not pay board or rent; (3) or by a relative of the assured permanently residing with him. It is undisputed that Irving Balzer and Gussie Balzer, his mother, both resided at No. 820 Riverside Drive, and if Gussie Balzer " resided with " Irving Balzer within the meaning of the policy, the clause limiting liability to one-quarter of the loss applies.

In our opinion the evidence shows that Gussie Balzer did reside with Irving Balzer, since she was a permanent member of the same household and not a mere visitor therein.

The intent of the policy is that it shall apply to the property of a relative of the assured who lives in the same abode.

In a policy of insurance the import of words is not strained so as to depart from a customary meaning in common usage. Joyce in his work on Insurance quotes the rule in volume 1, section 216: " Words are to be construed in their plain, ordinary, usual, and popular sense * * *. So Emerigon says: ' The true meaning of an expression in its ordinary use is the idea that people are

accustomed to attach to it.' And Lord ELLENBOROUGH declares that the policy ' is to be construed according to its sense and meaning as collected, in the first place, from the terms used in it, which terms are themselves to be understood in their plain, ordinary, and popular sense    *    *    *.' "

Doubtless were there no policy issued by the Globe Indemnity Company, the National Surety Company could not successfully combat a suit on its policy by a defense that it did not apply to the loss in question.

The words used in the policy sued upon can bear no other significance than that ascribed to them by the appellant when read according to this sound canon of interpretation, and the determination and judgment should, therefore, be reversed, and judgment directed to be entered according to the parties' stipulation.

CLARKE, P. J., DOWLING, MERRELL and FINCH, JJ., concur.

Determination of the Appellate Term and judgment of the City Court reversed, and judgment directed to be entered according to the parties' stipulation. Settle order on notice.