MARTHA SCHLUETER, Respondent, v. MANHATTAN FIRE & MARINE INSURANCE Co., Appellant.

First Department, March 14, 1963.

---

* On the argument, it was verified that the policies were not paid up and there were future annual premiums to be paid.

*Simon Greenhill* of counsel (*John M. Speyer* with him on the brief; *Greenhill & Speyer*, attorneys), for appellant.

*Harold Samuel Herman* for respondent.

McNALLY, J. Defendant insurer appeals by leave of this court from the determination of the Appellate Term affirming the judgment for the plaintiff and orders of the Municipal Court in an action to recover on a personal articles floater policy for the loss of a violin.

The issue involves the construction of the following policy provision: "This policy covers only with respect to such and so many of the following classes of property as are indicated by a specific amount of insurance applicable thereto, and a premium therefor, which property is owned by or in the custody or control of the Assured and members of the Assured's family of the same household."

The policy applies to two classes of property, one of which is musical instruments scheduled as follows:

"1. One Violin made by Enrico Ceruti in the year 1874. Violin is in perfect state of preservation * * * 750.00

"2. One Violin Bow made by Ouchard of Paris in the year 1937, frog on ebony mounted in gold, bow is in perfect state of preservation * * * 200.00 ".

Alexander Demaras, then residing at 622 West 136th Street, New York, N. Y., had insured the two musical instruments among other articles against all risks of loss or damage, certain risks not here involved excepted, for a three-year period commencing February 1, 1959.

On the effective date and until and including its loss, plaintiff owned the violin.

On the date of the policy plaintiff and the assured were married and living together at the 136th Street address. In September, 1960 they were divorced. Prior to the loss in May, 1961, the assured moved out of the 136th Street apartment but plaintiff continued to live there.

Defendant contends plaintiff was not a member of the assured's "family of the same household" at the time of the loss and, accordingly, is not entitled to any benefits under the policy.

The predominant purpose and intent of the parties to the insurance policy was to provide for indemnity against loss of the property specifically scheduled. As to such property the provision that it "is owned by or in the custody or control of the Assured and members of the Assured's family of the same household" serves by description to include plaintiff as an insured. The name of the insured need not appear on the face of the policy; it is enough that it describes the person for whose benefit the insurance is obtained. (*Clinton* v. *Hope Ins. Co.*, 45 N. Y. 454, 460–461; *Weed* v. *Hamburg-Bremen Fire Ins. Co.*, 133 N. Y. 394, 401; *Weed* v. *London & Lancashire Fire Ins. Co.*, 116 N. Y. 106, 114; *Matter of Black* v. *Swetnick*, 281 App. Div. 997, 999; *Matter of Lipschitz* v. *Hotel Charles*, 226 App. Div. 839, 840, affd. 252 N. Y. 518; *Matter of Heffler* v. *Tariff*, 269 App. Div. 913.)

It is not disputed that on the date of the policy and at all relevant times plaintiff owned and had custody of the violin and the loss occurred at the premises described in the policy. Nor is it disputed that on the effective date plaintiff was the wife of the named assured. The divorce in September, 1960 is an event totally irrelevant on the purpose to indemnify against the loss of the violin specifically scheduled.

The authorities relied on by defendant are inapplicable. *Goldstock* v. *Fidelity & Deposit Co. of Md.* (201 App. Div. 816) involved a burglary policy limited to a specified address and covered property generally described as jewelry and moneys at said address. Liability for loss was limited to property of the assured or any relative permanently residing with him. The insured died July 2, 1920; the loss occurred thereafter on August 23, 1920 and involved jewelry and moneys of the plaintiff. Here the policy is one for indemnity against any loss in respect of a specified violin without restriction to the address of the assured and there is no provision limiting the liability to a relative residing with the assured at the time of the loss.

*Balzer* v. *Globe Ind. Co.* (211 App. Div. 98) involved the application of the coinsurance clause. The policy of the coinsurer National Surety Co. as well as the defendant's provided for indemnity in the event of residence burglary. The National policy, as in *Goldstock* (*supra*), did not specifically identify and describe the property covered and the loss was limited to a member of the immediate family residing with the assured.

*Neidhoefer* v. *Automobile Ins. Co. of Hartford, Conn.* (182 F. 2d 269, 271) does not inform as to the nature of the policy, whether burglary limited to a stated address or as here a floater all loss policy unlimited as to location. Moreover, the coverage there was limited to "members of the Assured's family of the same household, while in all situations", and several grounds were stated for denial of recovery, any one of which was sufficient.

*Kohner* v. *National Sur. Co.* (105 Cal. App. 430) also involved a burglary policy limited to a stated address, and appears to have described the property covered by classification and not specifically. The insurer there relied on the provision applying the policy to "any permanent member of the household — or by a relative of the assured permanently residing within". The insured was not at the stated premises and did not own the property at the time of the loss. The property was owned by plaintiff, the former wife of the insured who had ceased to live with her prior to the loss. Other grounds, equally conclusive, were assigned for the denial of a recovery.

The determination of the Appellate Term should be affirmed, with costs to plaintiff-respondent.

BOTEIN, P. J., RABIN, VALENTE and STEVENS, JJ., concur.

Determination of the Appellate Term unanimously affirmed, with costs to respondent.