■ FIDELE BUTERA, Respondent, v WILLOW WOODS, INC., et al., Defendants, and PHILIP BONADONNA, Appellant. [620 NYS2d

77] —In an action, *inter alia,* to set aside a conveyance of real property, the defendant Philip Bonadonna appeals, as limited by his notice of appeal and brief, from so much of a judgment of the Supreme Court, Suffolk County (Oshrin, J.), entered July 23, 1993, as, upon an order of the same court dated June 14, 1993, granting the branch of the plaintiff's motion which was for partial summary judgment against him, set aside the conveyance as fraudulent. The appellant's notice of appeal from the order is deemed a premature notice of appeal from the judgment (CPLR 5520 [c]).

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff was injured on the property of the corporate defendant Taunt Willow T. Woods, Inc. (hereinafter Taunt Willow), which, shortly thereafter, conveyed the property, its only asset, to the appellant. The deed bears a handwritten notation stating: "No consideration." The plaintiff subsequently obtained a default judgment against the defunct, assetless Taunt Willow.

We agree with the conclusion of the Supreme Court that the appellant failed to adduce any evidence to create a triable issue of fact. In opposition to the plaintiff's motion for partial summary judgment against the appellant, setting aside the conveyance, the appellant's counsel averred that the appellant was the sole creditor of Taunt Willow and that the real property had been conveyed to the appellant to repay him for an unstated amount of undocumented loans. Counsel's affirmation, which was not supported by any evidentiary materials, was patently insufficient to rebut the plaintiff's prima facie showing that the conveyance was made without consideration and, hence, that it was fraudulent *(see,* Debtor and Creditor Law § 273). Thompson, J. P., Miller, O'Brien, Santucci and Joy, JJ., concur.