■ ORANGE HANDLING, INC., Respondent, v AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY et al., Appellants. [665 NYS2d 469] —White, J. Appeal from an order of the Supreme Court (Keegan, J.), entered August 12, 1996 in Albany County, which denied defendants' motion for summary judgment.

Pursuant to a written lease, dated January 30, 1989, plaintiff leased forklift trucks and related equipment to Tagsons Papers, Inc. for a term ending on March 30, 1992 that was extended to August 1995 under the same terms and conditions set forth in the lease. Among the conditions was that Tagsons would be liable for all loss or damage to the equipment due to its

negligence and that both parties would procure an all-risk insurance policy on the leased equipment with plaintiff paying the premiums. It is undisputed that plaintiff procured a policy but that it was terminated in the spring of 1991 after Tagsons purportedly agreed to cover the equipment under its insurance policies. In any event, when plaintiff learned in April 1994 that Tagsons was contemplating filing for bankruptcy, it removed its forklifts from Tagsons' property, only to discover that they had been extensively damaged. Plaintiff then filed claims with defendants, insurers which had issued commercial general liability and standard property insurance policies to Tagsons. Defendants disclaimed, prompting plaintiff to commence this action seeking a declaration that the policies provided coverage for the damages to its equipment and damages. After answering and conducting discovery, defendants unsuccessfully moved for summary judgment. They now appeal.

To enforce the standard property policy, plaintiff must establish that it is a third-party beneficiary since it is neither a named nor additional insured. Whether it achieved such status depends upon whether it clearly appears from the four corners of the policy that Tagsons and defendants intended to insure plaintiff's interest (*see, State of New York v American Mfrs. Mut. Ins. Co.*, 188 AD2d 152, 155; *Stainless, Inc. v Employers Fire Ins. Co.*, 69 AD2d 27, 33, *affd* 49 NY2d 924; *see also*, 70 NY Jur 2d, Insurance, § 1412, at 241). Given the fact that the policy provides that a loss is payable only to Tagsons rather than to a third party on behalf of Tagsons, and that the property delineated for coverage is limited to that which Tagsons owned, had an interest in or had assumed liability for, we conclude that the dominate purpose of the policy was to protect Tagsons with no intent to benefit third parties like plaintiff, making plaintiff an incidental beneficiary with no enforceable rights against this policy (*see, State of New York v American Mfrs. Mut. Ins. Co.*, supra, at 155; *Stainless, Inc. v Employers Fire Ins. Co.*, supra, at 34).

While the commercial general liability policy does evince an intention to pay third parties sums that Tagsons became legally obligated to pay as damages, this policy does not provide coverage for plaintiff's loss as it excludes property Tagsons rented or was in its care, custody or control. Moreover, plaintiff's action is premature since said policy does not permit a third party to sue the insurer until it has reached an agreed settlement or obtained a final judgment against the insured after trial, neither of which plaintiff has obtained.

For these reasons, we reverse.

Mercure, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and it is declared that defendants are not obligated to indemnify plaintiff for the damage to its equipment under the terms of the standard property or commercial general liability insurance policies issued to Tagsons Papers, Inc.