(January 5, 1999)

■ In the Matter of the Liquidation of GALAXY INSURANCE COMPANY. ROSE DAVI et al., Appellants; NEIL D. LEVIN, Respondent. [683 NYS2d 59] —Order and judgment (one paper), Supreme Court, New York County (Arthur Blyn, R.), entered June 10, 1997, which confirmed the Liquidator's disallowance of claimants' claim in this proceeding, unanimously reversed, on the law and the facts, without costs, the Liquidator's disallowance annulled and the claim filed by claimants in this proceeding allowed. The Clerk is directed to enter judgment accordingly.

In this proceeding arising from a personal injury action brought against the owners of a commercial building in the Bronx, one of whom also operated a dress manufacturing business on the second floor, the Liquidator of the defunct insurer rejected the owners' claim on the ground that the policy was issued in the name of the second-floor business, Victory Fashions Limited, rather than the names of the two individuals, claimants Rose Davi and her sister-in-law Eleanor Petrella, who were each 50% owners of the building.

After the Liquidator's disallowance, the claim was referred to a Referee who, by a so-ordered stipulation of the parties, was appointed to hear and decide such claims in the same manner and with the same powers as the court. After a hearing, the Referee, relying upon precedents in this Court, was constrained to hold that, although the outcome was "highly inequitable", absent evidence of mutual mistake or unilateral mistake coupled with fraud, reformation of the policy was not justified.

However, our rulings in *Matter of Union Indem. Ins. Co.* (162 AD2d 398) and *Melhon v Commercial Ins. Co.* (38 AD2d 929, *affd* 31 NY2d 971) are distinguishable on their facts. In *Union*

*Indem.*, we held that the claimant had failed to establish that the amounts of coverage were at variance with the intention of both parties, while in *Melhon* we found that, rather than a technical misdescription of the property insured, there was a complete failure to include the damaged building among the 10 separate properties listed in the relevant policy. Here, on the other hand, the subject policy was clearly intended to be issued to the owner of the building and claimants' broker testified that the name on the application for the policy was amended three times; that when he applied for the insurance, he assumed that claimant Davi owned the building through the corporation; and, that he never sought clarification of that assumption. A history of frequent changes in the named insureds was also noted by the Referee.

Under the circumstances, reformation should have been granted to include claimants, the owners of and the only parties with an insurable interest in the insured property, as named insureds. "The name of the insured need not appear on the face of the policy; it is enough that it describes the person for whose benefit the insurance is obtained" (*Schlueter v Manhattan Fire & Mar. Ins. Co.*, 18 AD2d 167, 169; *Clinton v Hope Ins. Co.*, 45 NY 454, 460-461). Concur—Ellerin, J. P., Williams, Mazzarelli and Andrias, JJ.