■ Bronxville Properties, Inc., Appellant, v Friedlander Group, Inc., et al., Respondents. [763 NYS2d 834] —In an action,

inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered July 16, 2001, as granted the amended motion of the defendant Friedlander Group, Inc., and the separate motion of the defendant Prism General Services, to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The record establishes that, "consistent with [their] business practices [and] not because of any legitimate mutual mistake" (*Pascal v Nova Cas. Co.*, 226 AD2d 688, 690 [1996]), Jack S. Dweck and Harvey Sladkus (doing business as Omni Properties) were named as the insured persons in policy number TPP-2318647-0 issued by Transtate Insurance Company (hereinafter Transtate) for the period August 1, 1996, to August 1, 1997, even though one of the properties covered under the policy, 107-09-111 Kensington Road, Bronxville, New York, was owned by Bronxville Properties, Inc., the corporate plaintiff herein. As described in *Matter of Transtate Ins. Co.* (297 AD2d 684 [2002]), Transtate, or the Superintendent of Insurance as successor to Transtate, issued checks totaling $182,159.35, payable jointly to Dweck and Sladkus, in connection with a fire loss at that property that occurred on May 14, 1997. Two checks (in the sums of $40,000 and $102,159.35) were also payable jointly to the Dime Savings Bank as mortgagee.

In this action, the plaintiff seeks to recover damages against Friedlander Group, Inc. (hereinafter Friedlander), the broker that procured the policy with Transtate, and against Prism General Services (hereinafter Prism), the adjuster that evaluated the fire loss of May 14, 1997. It alleges, among other things, that Friedlander failed to adequately investigate the financial condition of Transtate, an insurer that later went into liquidation, and that Prism improperly evaluated the loss.

We agree with the Supreme Court that the corporate plaintiff has no standing to bring this action. As is implicit in *Matter of Transtate Ins. Co.* (*supra*), it is the two persons named as insureds in the relevant policy, Dweck and Sladkus, who, under the circumstances of this case, have standing to seek to recover damages based on any supposed inadequacy of the available insurance proceeds in covering all of the losses caused by the fire of May 14, 1997. This applies whether the recovery is sought from the insurer itself, from the Superintendent of Insurance as representative of the insurer in liquidation (*see id.*), from the broker that procured the policy, or from the adjuster which acted as the insurer's agent.

The plaintiff does not explicitly seek to reform the contract based on mutual mistake or fraudulently-induced unilateral mistake (*cf. Judge v Travelers Ins. Co.,* 262 AD2d 983 [1999]; *Matter of Galaxy Ins. Co.,* 257 AD2d 351 [1999]; *Pascal v Nova Cas. Co., supra*). Rather, it argues that, in light of its status as the owner of the property where the loss occurred, and its consequential insurable interest in that property, it was an "intended beneficiary" of the insurance contract. We do not agree.

The fact that the plaintiff owned the insured property does not in and of itself confer standing (*see Brownell v Board of Educ.,* 239 NY 369 [1925]; *Etterle v Excelsior Ins. Co. of N.Y.,* 74 AD2d 436, 440-441 [1980]; *Stainless, Inc. v Employers Fire Ins. Co.,* 69 AD2d 27, 31-33 [1979], *affd* 49 NY2d 924 [1980]; *see also Pascal v Nova Cas. Co., supra*). Further, it does not appear from the "four corners of the policy" that Transtate "intended to insure the plaintiff's interest," as opposed to that of Dweck and Sladkus (*Orange Handling v American Mfrs. Mut. Ins. Co.,* 245 AD2d 768, 769 [1997]; *see also Stainless, Inc. v Employers Fire Ins. Co., supra*). The plaintiff itself emphasizes that the one single policy was written so as to name Dweck and Sladkus as the only insured persons, even though the policy provided coverage relative to "six (6) separate properties owned by [different] entities."

*20th Century Foods Pte. v Home Ins. Co.* (1989 WL 99773 [SD NY, Aug. 22, 1989]), relied on by the plaintiff, is not to the contrary. In that case, the court cited specific language from the policy under review in support of its conclusion that such policy "expressly and clearly intended to benefit" a party not actually named as an insured (*20th Century Foods Pte. v Home Ins. Co., supra* at * 9). We see no similar evidence in this case, and note, again, that the named insureds, Dweck and Sladkus, were the payees to whom the checks representing the insurance proceeds were issued, and were the individuals who have pursued, or who are pursuing, a claim against the Superintendent of Insurance in the liquidation proceedings (*see Matter of Transtate Ins. Co., supra*).

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Florio, Schmidt and Mastro, JJ., concur.